No. 8225.

## ELSASS v. THE MOORE'S HILL MALE AND FEMALE COLLEGIATE INSTITUTE.

PROMISSORY NOTE.—*Pleading.—Answer.—False Representations.—Failure of Consideration.*—An answer to a suit upon a promissory note given to create an endowment fund for a college, alleging that the note was executed upon the representations of an agent of the college, that the institution was endeavoring to raise a fund sufficient to endow it with a free department for the education of the children of those who might contribute thereto, and that, unless a sufficient amount was subscribed to make tuition free to all such pupils, the note would not be required to be paid; that, believing such representations to be true, and for the purpose of providing free educational facilities for his children, the defendant executed the note; that it was never the intention of such college to endow such free scholarship, or to make tuition therein free to any one, or to provide a fund to afford free tuition to the defendant's children or to any of the subscribers to such fund, and that such representations were false, and made for the purpose of deceiving him and inducing him to execute the note, is sufficient on demurrer.

From the Ripley Circuit Court.

*G. Durbin*, for appellant.
*W. D. Willson* and *C. H. Willson*, for appellee.

WORDEN, J.—The appellee sued the appellant, upon the following promissory note:

"MILAN, INDIANA, June 27th, 1869.

"I promise to pay Moore's Hill Male and Female Collegiate Institute, to create an endowment fund, one hundred dollars, in payments of thirty-three and $\frac{33}{100}$ dollars, on the 27th day of June, 1870, and thirty-three and $\frac{33}{100}$ dollars every twelve months after that, with interest, payable annually after the first payment shall become due, without any relief from valuation or appraisement laws.

(Signed) "C. ELSASS."

Judgment for the plaintiff.

The only error assigned is upon the ruling of the court in sustaining a demurrer to the third paragraph of answer. That paragraph alleged, "that, at the date of the note in

suit, he (the def't) was residing within three miles of the location of the plaintiff, and was the father of a family of boys, who were becoming of an age at which they would be entered at the plaintiff's college to complete their education ; that the sole consideration of the note in suit was the representation made, at the time of the execution of the same, by Joseph Cotten, the agent of the plaintiff, who procured the defendant to execute said note, that the college was making an effort to raise a fund sufficient to endow the college with a free department for the education of the children or wards of those who might contribute to such endowment, so that such students would be entitled to all the educational advantages of such institution, free of charge of any kind, except for the boarding of such as might desire to reside at the college ; and further represented that, unless a sufficient amount was subscribed to make tuition free to all such pupils, the note would not be required to be paid. The defendant says that, relying upon such representations, and believing them to be true, and for the purpose of furthering the enterprise represented by said Cotten, and providing free educational facilities for his boys, he executed the note in suit ; and the defendant avers it was never the intention of the plaintiff to endow such free scholarship, or make tuition in said college free to any one, nor has said college ever attempted to endow such a department, or provide a fund to afford free tuition to the defendant's children, or to any of the subscribers to such fund, but that the representations made by the said Cotten were false, and made for the purpose of deceiving the defendant, and inducing him to execute said note. Wherefore," etc.

The paragraph of answer seems to us to have been good. It states that the plaintiff's agent, who procured the defendant to execute the note, "represented that the college was making an effort to raise a fund sufficient to endow the college with a free department for the education of the chil-

dren or wards of those who might contribute to such endowment, so that such students would be entitled to all the educational advantages of such institution, free of charge of any kind, except for the boarding of such as might desire to reside at the college,'' etc. This was a representation of the existence at the time of a material fact, well calculated to influence the defendant in the execution of the note. The truth of the representation is abundantly negatived, for the paragraph avers that ''it was never the intention of the plaintiff to endow such free scholarship, or make tuition in said college free to any one, nor has said college ever attempted to endow such a department, or provide a fund to afford free tuition to the defendant's children, or to any of the subscribers to such fund, but that the representations made by said Cotten were false, and made for the purpose of deceiving the defendant, and inducing him to execute said note.''

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to overrule the demurrer to the paragraph of answer in question.