[No. 12494. In Bank. — June 25, 1888.]

E. P. THORNDYKE NEWMAN, APPELLANT, *v.* O. A. SMITH ET AL., RESPONDENTS.

FRAUDULENT REPRESENTATION — WRITTEN CONTRACT — EQUITABLE RELIEF. — Fraudulent representations as to a material matter, by which a party was induced to enter into a contract to his damage, is ground for an action at law or relief in equity, notwithstanding that the contract was in writing and the representations were verbal.

SPIRITUALISM HELD NOT SUPERSTITIOUS OR CONTRARY TO PUBLIC POLICY. — Courts will not hold the belief in spiritualism to be superstitious or contrary to public policy when not followed by acts which are recognized as hurtful to society.

FRAUD — PROMISE WITHOUT INTENT TO PERFORM. — A promise made without any intention of performing it is a fraud; and if by means of it a party has been induced to alter his position to his injury, it is ground for relief in equity. Instance of application of rule.

ID. — SETTING ASIDE CONTRACT — OFFER TO RETURN CONSIDERATION — SPECIAL DEMURRER. — In an action by a vendor of land to set aside a contract for its sale, an objection to the complaint that the precise time is not alleged at which the plaintiff offered to return the portion of the purchase price paid must be taken by special demurrer.

ID. — IMPROPER DAMAGES — ALLEGATIONS OF ARE SURPLUSAGE. — In an action by a vendor to set aside a contract for the sale of land on the ground of fraud, damages for anxiety, worry, and harassment arising from the fraudulent conduct of the defendant, and for expenses in taking care of the property contracted to be sold, are not recoverable; and allegations in the complaint setting out such damages should be disregarded as surplusage.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion.

*Byron Waters, William G. Webb,* and *Clara Foltz,* for Appellant.

*H. C. Rolfe,* for Respondents.

HAYNE, C.—Suit to set aside a written contract for the sale of land, on the ground of fraud. The court below gave final judgment for the defendants upon demurrer to the complaint, and the plaintiff appeals. The complaint shows substantially the following facts: The plaintiff, who was the owner of the property, held "certain religious views regarding the spirits of the dead and their communication with the living," and had "considered it her life work to fit up a home where congenial people of like faith could congregate and be made welcome, and where full discussion of their religious views might be indulged in," and "had already made plans for the improvement of said property for such purpose," but, "owing to failing health and financial reverses, plaintiff was prompted to dispose of the property to some one who was in harmony with her religious

views, and who would in some measure carry out her plans; that only with a view of said property being used for the purpose aforesaid would plaintiff ever dispose of it." The defendant Smith knew the plaintiff's views, wishes, and purposes above mentioned, and, in order to induce the plaintiff to sell the property to him, represented that he was of the same religious belief as plaintiff, and in accord with her plans as to the property, and desired to establish just such a home upon the property, "where plaintiff would always be warmly welcomed, and that she should have a little nook wherever she should choose upon said premises." The complaint alleges that all the said representations were false, and were made "willfully, falsely, and fraudulently, and with intent to deceive and defraud plaintiff, and induce her to enter into certain contracts hereinafter set out, and obtain said property for less than its value"; that Smith never had any intention of establishing such a home, or of purchasing said property for himself, but throughout the whole negotiation "was acting for and was the agent of said defendant, the South Riverside Land and Water Company, and was endeavoring to secure said property for said company, and at all times acted under its instruction and advice"; that said company never had any intention of making good the representations and promises of Smith, but intended to use the property for an entirely different purpose; that plaintiff believed said representations, and, relying upon the truth of the same, gave Smith a written option of purchase within a specified time. Subsequently (for reasons and under circumstances which seem to us irrelevant) this written option was superseded by a written contract to sell and convey the property for a certain sum. It is alleged that this sum was four thousand dollars less than the real value of the property, and "that it was wholly in consequence of the false and fraudulent representations herein recited that she agreed to take said or any sum

of money less than fifteen thousand dollars for said property"; and that "but for such fraud of the said Smith this plaintiff would never have signed either of the contracts, agreements, or bonds referred to." Plaintiff was paid five hundred dollars upon said contract before she discovered the fraud which had been practiced upon her. She offered to return this, but it was refused.

The trial court sustained the demurrer, on the ground that the complaint did not state a cause of action. In this we think that the court erred. Although there is much irrelevant matter in the complaint, we think that it stated a cause of action. The position of the respondents in this regard is that none of the representations or promises were inserted in the writing, and that therefore they could not be shown. But it is elementary that fraudulent misrepresentations as to a material matter, by which a party was induced to enter into a contract to his damage, is ground for an action at law or relief in equity, notwithstanding that the contract was in writing and the representations were not. "One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." (Civ. Code, sec. 1709.) Fraud vitiates all transactions, and cannot be put beyond the reach of the law by so simple a device as a writing. The question therefore is, whether the complaint shows what the law recognizes as a fraud; and we think that it does. The uses to which the plaintiff intended to put the property were not unlawful. We do not think that at this period, in this country, a court is justified in pronouncing any form of religious belief superstitious or contrary to public policy when not followed by acts which are recognized as hurtful to society. From a legal point of view, therefore, the intentions of plaintiff are entitled to as much consideration as if she had designed to establish a hospital, or endow a seminary, or build a hotel. This being so, the case is that

Smith, who knew the views of the plaintiff, for the purpose of deceiving her to her injury, falsely pretended that he was of the same religious belief as she was, and that if she would sell him the property he would carry out her views, and held out a prospect of a "little nook" for her herself. She was justified in believing him, for she could not look into his mind and see the falsehood lurking there. The representations were material; for it is admitted by the demurrer that she was induced by them to enter into the contract which she would not otherwise have done. And they operated to her damage; for she was induced by them to agree to sell the property for four thousand dollars less than its value. The case is as if she had been induced to sign an obligation by representations that it was for the purpose of establishing a free college, which never was the intention. (See *Elsass* v. *Institute*, 77 Ind. 72.) It makes no difference that the representations took the form of a promise. A promise made without any intention of performing it is fraud (Civ. Code, secs. 1572, 1710); and if by means of it a party has been induced to alter his position to his injury, is ground for relief in equity. (*Brison* v. *Brison*, 75 Cal. 525.) As was said in *Mitchell* v. *Kintzer*, in reasoning to a different point: "It may safely be averred that all deceitful practices in depriving or endeavoring to deprive another of his known right by means of some artful device or plan, contrary to the rules of common honesty, is fraud." (5 Pa. St. 216.) It is hardly necessary to say that there must generally be what the law considers to be a fraudulent intent. The mere failure to perform an oral promise would not be fraud. There is a great difference between a fraudulent and a non-fraudulent representation. (Pollock on Contracts, 461.) It is the dishonest intention which taints the transaction. But this, according to the complaint, existed from the start. The South Riverside company is alleged to have been a participant

in the fraud.   But if Smith was its agent, it would make
no difference if this were not so; for a principal cannot
reap the fruits of its agent's fraud while repudiating the
fraud.

The objection that the precise time at which the plain-
tiff offered to return the payment which had been made
to her is not alleged, if valid, should have been taken by
special demurrer.

The respondents contend, however, that the demurrer
should have been sustained on the ground of misjoinder
of causes of action.   The basis for this is, that the com-
plaint attempts to claim damages for the "anxiety, worry,
and harassment arising from the facts hereinbefore al-
leged," and for expenses in taking care of the property
and in remaining away from her home.   It is sufficient to
say that she has no right of action for these things.   We
do not say that a demurrer on this ground should be
overruled because one of the causes of action is defect-
ively stated; but where, as here, it appears that by no
possibility can she recover for these things, we think the
allegations on the subject should be treated as surplus-
age.   We therefore advise that the judgment be reversed,
with directions to overrule the demurrer, with leave to
answer.

FOOTE, C., concurred.

BELCHER, C. C., took no part in this opinion.

The COURT.—For the reasons given in the foregoing
opinion, the judgment is reversed, with direction to over-
rule the demurrer, with leave to answer.