[Civ. No. 16638. Second Dist., Div. Two. Oct. 5, 1948.]

B. W. KUHN, Appellant, v. FERRY AND HENSLER. (a Joint Venture) et al., Respondents.

Charles M. Stark and Paul W. McComish for Appellant.

Herbert Cameron for Respondents.

WILSON, J.—This cause is now before the court on respondents' motion for augmentation of the record.

Judgment was rendered in favor of defendants and plaintiff has appealed on the judgment roll. Respondents request that the record on appeal be augmented by bringing up certain of the exhibits introduced at the trial, including a contract and vouchers, and the evidence of three witnesses. The motion is made on the grounds (1) that the exhibits and testimony of the witnesses are necessary to enable respondents to present their position in a proper manner, (2) that findings contained in the judgment roll to the effect that certain highways are public highways are not supported by the evidence, and (3) that the oral testimony introduced at the trial and the exhibits are necessary in order that the insufficiency of the findings in that respect may be shown and in order that the issues raised by appellant's opening brief may be fairly and meritoriously decided.

Appellant's opposition to the motion to augment is on the grounds (1) that the exhibits requested by respondents are not necessary to a determination of the action, and (2) that if the exhibits and the oral testimony requested by respondents are ordered to be made a part of the record on appeal then other exhibits and the oral testimony of three of plaintiff's witnesses should be before the court in order to show that the findings are supported by the evidence.

■ Rule 5(f) of the Rules on Appeal expressly provides "that on motion of the respondent the reviewing court may allow augmentation of the record whenever it is necessary to

prevent a miscarriage of justice." (22 Cal.2d 6.) Rule 12(a) (p. 11) provides that on the suggestion of any party or on its own motion, the reviewing court may order that the original or a copy of any exhibit used at the trial and portions of the oral proceedings be transmitted to it, and when so transmitted such exhibits and transcript of the oral proceedings shall be deemed a part of the record on appeal.

At this stage of the appeal we have no means of knowing whether the findings referred to in respondents' motion are or are not sustained by the evidence, nor do we know whether the exhibits and the oral testimony referred to do or do not sustain the findings, or whether a decision of the case on the judgment roll alone will result in a miscarriage of justice. Since rule 5(f) expressly authorizes the augmentation of the record when "it is necessary to prevent a miscarriage of justice" and since respondents assert that justice cannot be done in the absence of additional portions of the record, a matter which we cannot determine without an examination of the proposed additions, the motion to augment should be granted.

The necessity for augmentation is emphasized by the provisions of rule 52 that if a properly authenticated record on appeal does not contain all the record and oral proceedings "it shall be presumed in the absence of proceedings for augmentation that it includes all matters material to a determination of the points on appeal." (22 Cal.2d 33.) This presumption was applied in *Alkus* v. *Johnson-Pacific Co.*, 80 Cal. App.2d 1, 9 et seq. [181 P.2d 72].

Rule 5(f) was devised for the very purpose of bringing before the appellate court all such evidence as may be essential to an intelligent and proper decision of the issues presented. If the respondents know or the court believes that such evidence was received without the support of any allegations in the pleadings or for the purpose of upholding an improper finding, rule 12(a) allows the augmentation and rule 5(f) emphasizes this by expressly authorizing it. Also, while the respondents cannot ordinarily demand a reporter's transcript yet they may move to augment the record "to show that error was cured at the trial or for some other purpose." Under the present rules it is indispensable that in order fairly to meet the issues on appeal the respondents should be in a position to show what actually occurred. When it appears that proceedings were had or evidence was introduced which should be considered on appeal a denial of the

right to augment would be an abuse of discretion. ■ Moreover, it is the duty of the court, when it desires further knowledge upon any point, to augment the record before proceeding with its decision. (Alkus case, *supra,* pp. 11-19.)

Whether a finding that certain highways are public highways is or may be material to or determinative of this appeal cannot be decided upon the affidavits filed respectively by respondents in support of their motion to augment and by appellant in opposition to the motion. Manifestly this court must examine the evidence introduced at the trial in order to ascertain (1) the effect of the finding and its applicability to the result of the litigation and (2) whether the finding is sustained by the evidence.

■ By reason of the express terms of the rules on appeal to which reference has been made a litigant cannot, by adopting one form of appeal, foreclose his opponent from presenting to the reviewing court the entire record, or any material portion thereof, upon which the trial court based its judgment. The rules have the force of law and cannot be disregarded or ignored by litigant or court. This is a new procedure (17 So.Cal.L.Rev. 123) and must be given the effect intended although it is radically different from that previously in force.

■ To the end that the cause may be properly determined on appeal and that a miscarriage of justice may not result by reason of the absence from the record of the exhibits and the oral evidence requested in respondents' motion to augment, their motion should be granted. Furthermore, the additional exhibits and oral evidence referred to in appellant's opposition should likewise be lodged with this court.

It is ordered that the original exhibits introduced at the trial of the action be transmitted to this court, that the oral testimony of William H. Fair, Jr., R. R. Hensler, Joe Famularo, Charles W. Shepard, James W. Shepard and Doris Shepard be transcribed and filed in this court, and that the exhibits and oral testimony shall become a part of the record on appeal. The cost of transcribing the oral testimony shall be paid in the first instance by appellant and shall be taxed as costs against respondents in the event that appellant prevails on this appeal. The time for the filing of respondents' brief is extended for a period of 30 days after the filing in this court of the transcript hereby ordered.

Moore, P. J., and McComb, J., concurred.