[Civ. No. 15943.   First Dist., Div. One.   June 16, 1954.]

DONOVAN RUBY et al., Appellants, v. LOUIS DEBOVSKY, Respondent.

Donovan Ruby, Helen Ruby and John P. Andrews, in pro. per., for Appellants.

Marcel E. Cerf, Robinson & Leland for Respondent.

BRAY, J.—In an action for damages for alleged fraud, defendant's answer alleged the defense of res judicata by reason of three specified actions. Pursuant to section 597, Code of Civil Procedure, this issue was tried separately. Plaintiffs appeal from the judgment in favor of defendant upon that issue on a limited record.

### QUESTIONS PRESENTED

Plaintiffs raise many questions, most of which, however, cannot be determined from the limited record before us. The determinable questions are primarily whether the answer properly raises the issue of res judicata, and if so, whether the prior actions are res judicata as to this action.

### PLEADINGS

Plaintiffs' complaint charges that on August 14, 1943, Donald E. Warner and Jean H. Warner gave defendant a written authorization to sell for them certain real property for the sum of $5,534; that on August 25th, plaintiffs employed defendant to find and secure for plaintiffs residential

property at the lowest price; that on September 6th, defendant falsely and to defraud plaintiffs represented to plaintiffs that the purchase price of said property was $6,200, payable in certain monthly installments, plus a rental charge of $33.50 per month until title passed. Plaintiffs, relying upon their said agent's representations, signed an agreement to purchase said property on said terms. The agreement did not set forth the name of the seller, but was signed by defendant as agent for seller. Thereafter and on September 18th, defendant, representing himself to be plaintiffs' agent, secretly purchased said property from the Warners for $5,534 and without any rental requirement. Plaintiffs made monthly payments to defendant under their contract until $2,261 had been paid and when, under the terms of the agreement they were entitled to a deed to the property, subject to a certain mortgage. Defendant then informed them he was the owner of the property and that if they wished to occupy it further they would have to pay $60 a month rent instead of the $33.50. Thereafter "litigation followed for specific performance." At that trial plaintiffs were unaware that defendant had secretly purchased the property in his own name and paid for it out of moneys paid him by plaintiffs. At that trial defendant had falsely testified that the reason defendant did not deliver a deed to plaintiffs was because plaintiffs had borrowed $2,162.92 from defendant which they had not repaid. Plaintiffs had not borrowed any money from defendant. The court ordered plaintiffs to pay defendant $2,162.92 borrowed money before title would pass to plaintiffs. Plaintiffs did not discover the falsity of the defendant's representations which induced them to purchase the property until July 27, 1947. Plaintiffs allege additional sums paid defendant because of said alleged fraud, and claimed they were specially damaged in the sum of $14,620 special damages and in the sum of $50,000 general damages because of grievous mental and physical suffering and impairment of health. In the instant case the trial court held that the judgments hereafter mentioned were res judicata of the plaintiffs' alleged cause of action.

### Answer

Defendant denied the material allegations of the complaint, set up the statute of limitations, and then alleged that on specific dates judgments were duly given and made in favor of defendant and against plaintiffs in three different

specified actions between the same parties and for the same cause of action set forth in the complaint herein. This was a sufficient plea of res judicata. (See 15 Cal.Jur. p. 282, § 273.) The mere fact that the words "bar" or "res judicata" were not used does not make the plea defective. There is no requirement that the judgments mentioned must be attached to the answer. *Olds* v. *Peebler,* 66 Cal.App.2d 76 [151 P.2d 901], cited by plaintiffs, contains no such requirement. Section 456, Code of Civil Procedure, provides that the facts conferring jurisdiction in those actions need not be pleaded, it being sufficient to plead that the judgments were "duly given or made."

## PRIOR ACTIONS

Two prior actions were in the municipal court, one in the superior. The judgment in the latter (action No. 356301) was given June 27, 1947. As to it and its application here we adopt the following portion of the well reasoned opinion of Honorable Preston Devine, the trial judge:

"The allegations of the complaint having to do with physical and mental distress as a result of the alleged fraud may be disregarded, as was done in *Newman* v. *Smith,* 77 Cal. 22 [18 P. 791], because these are not proper elements of damage in an action upon fraud and deceit, as was held in that case. . . .

"The first action filed by plaintiffs was a suit for specific performance, No. 356301 in the superior court in this city and county. That action was filed on August 9, 1946. The complaint alleged that plaintiffs, the Rubys, had agreed to purchase the Victoria Street home from the Warners in 1943, and had been admitted to possession since September 6, 1943; that defendant Debovsky and his wife had purchased the property from the Warners on February 28, 1944; that all the installment payments had been made by the Rubys, but defendants, the Warners and Debovskys, had refused to deed the property. The Debovskys answered, alleging that plaintiffs had not paid in full, because plaintiffs had borrowed certain sums from defendants, and had not repaid them. The cause was tried before the Honorable Stanley Murray, assigned by the Judicial Council, and on June 27, 1947. he rendered judgment, holding that plaintiffs owed defendants the sum of $2,162.92, and decreeing that if plaintiffs paid said sum within 30 days, they should have specific performance; but that if they did not so pay, writ of possession should

be issued against them under a cross-complaint which had been filed.

"There was no motion for new trial, no appeal, no proceedings under section 473, Code of Civil Procedure, and the judgment has become final over five years ago.

"However, commencing on August 17, 1949, plaintiffs filed successive motions to set aside the judgment on the ground that it had been obtained by fraud, which motions were heard and denied by Judges Shoemaker (September 15, 1949), Jacks (December 8, 1949) and Devine (July 11, 1950). There was no appeal from the orders of the court, or from any of them. . . .

"The judgment in action No. 356301 is final in all respects, and it remains to be considered to what extent that judgment bears on matters alleged in the complaint in the present case.

■ "The fact that the form of action in this case is in tort, for damages for alleged fraud and deceit, while the former action was for specific performance, is not of moment. (*Papineau* v. *Security First Nat. Bank,* 45 Cal.App.2d 690 [114 P.2d 629].) The test is, what issues were litigated, and what issues *could have been* litigated in that action, for the law will not allow litigation to be conducted in a piecemeal fashion. (*Andrews* v. *Reidy,* 7 Cal.2d 366 [60 P.2d 832]; *Wulfjen* v. *Dolton,* 24 Cal.2d 878 [151 P.2d 840].) Therefore, an analysis of the former action, and a comparison with the present one, must be made.

"As was said above, in the specific performance action, the issue was joined whether or not plaintiffs had paid what they were obliged to pay. The court found that they had not so paid, but in fact owed $2,162.92, and decreed that they might have specific performance on payment of that sum. That is adjudged forever, in the absence of appeal.

■ "Plaintiffs allege that they discovered certain new matter on July 27, 1947, some 30 days after judgment was rendered. Now, what was this new matter? And what, if anything is new in the present action? The plaintiffs say it is this: That when the specific performance action was tried they did not know when or how Debovsky had bought the Warners' equity in the property. Of course they do not say that they did not know, during the former action, that Debovsky actually acquired the title to the property on February 28, 1944, because plaintiffs alleged this to be the fact in their specific performance action. But, they say, they

thought that perhaps Debovsky had his agreement to buy and sell from the Warners before the sale to plaintiffs. However, let it be assumed that Debovsky was the agent of the plaintiffs. Then, plaintiffs knew, when they commenced the specific performance suit, that their own agent had bought the property personally, and had done so, as they said in their complaint, 'while receiving regular purchase payments from the plaintiffs.' (Par. IV, Complaint in Action 356301.) This knowledge was sufficient to put plaintiffs on inquiry; and, as an analogy to the cases involving the statute of limitations (*Lady Washington Consol. Co.* v. *Wood*, 113 Cal. 482 [45 P. 809]; *Tracy* v. *Muir, supra* [151 Cal. 363 (90 P. 832, 121 Am.St.Rep. 117)]) it seems that in a case where one could, by inquiry, have learned such a fact as in this case, the matter must be deemed to be one which at least could have been litigated in the earlier action.

"It may be observed that in the former action, plaintiffs regarded Debovsky as the agent of the sellers. Assuming that he was their agent, too, they must have known that fact; and, indeed, in their brief, filed on October 7, 1952, they state that 'on August 25, 1943, in the home of plaintiffs, Debovsky was orally authorized by plaintiffs to find a home for them to purchase at a reasonable price.'

"It seems that they did not exploit the theory that Debovsky was their agent, or that their counsel did not, but that does not entitle them to another action. (Incidentally, plaintiffs seem not to have thought of Debovsky as their agent until demurrers were sustained in the municipal court action described below.)

"There seems to be some suggestion in one of plaintiffs' briefs that possibly the Rubys did not know that Debovsky was acting as their agent in the transaction, and that they were ignorant of that fact during the specific performance trial, and that they first learned of it when they were apprised that Debovsky had represented himself to the Warners as acting for the Rubys. However, if that be the fact, there would be no cause of action herein, because the whole action is based upon the proposition that the Rubys were deceived by their own agent.

"An analysis of the damages claimed by plaintiffs in Par. XI of their complaint, as set forth in plaintiff's Exhibit 3, shows that all these damages are alleged consequences of the judgment rendered by Judge Murray. If that judgment was erroneous, the remedy was by appeal; damages may not

be sought now, which damages would have been the result of such allegedly erroneous judgment.''

The first municipal court action (No. 251131) ended in a judgment upon an order sustaining demurrer without leave to amend. The second municipal court action (No. 256691) ended in a judgment declaring that the judgment in action No. 251131 was res judicata of the matters therein alleged. Neither of the judgments were appealed. While the trial court here found that both judgments were res judicata of the matters set forth in the complaint, we deem in unnecessary to discuss them, in view of our holding that the superior court judgment action No. 356301 is res judicata and hence determinative of this appeal. (See *Keidatz* v. *Albany*, 39 Cal.2d 826, 829 [249 P.2d 264], for discussion of effect as to res judicata of judgments in cases where there was no trial on the merits.)

### OTHER QUESTIONS

Plaintiffs contend that the trial of the special issue was sua sponte by the court without a motion for it by defendant. Yet in their brief they state that they themselves set the matter for trial as specified in section 597, Code of Civil Procedure, because after the court had ordered the trial of the separate defense under the provisions of that section no move was made by defendant to bring the issue to trial. The record which plaintiffs saw fit to have brought up fails to disclose how the matter came before the court. If it be true that plaintiffs themselves made a motion to have the special issue tried then the action was not sua sponte by the court. Moreover, no error appears upon the face of the record before us, and under rule 52, Rules on Appeal, '' '. . . If any matters could have been presented to the court below which would have authorized the entry of this judgment, it will be presumed on this appeal, in support of the judgment, that such matters were so presented, and that the judgment was entered in accordance therewith.' '' (*Utz* v. *Aureguy*, 109 Cal.App.2d 803, 806 [241 P.2d 639], quoting from *Caruthers* v. *Hensley*, 90 Cal. 559, 560 [27 P. 411].)

The same rule applies to plaintiffs' contention that the court ordered plaintiff Donovan Ruby to take the witness stand and under the pretext of trying the special defense actually tried the whole case on the merits. (Incidentally, the findings are limited to the matters connected with the special defense.)

Plaintiffs contend that the court took judicial notice of the proceedings in the other action. Just what is meant by this contention is difficult to understand in view of the fact that the entire records of the other proceedings were introduced into evidence and were brought here on this appeal.

It is contended that the findings of fact are contradictory and do not support the judgment. We find no contradiction in them and find that they sufficiently support the judgment. Nor do we find any inconsistency in the statement that the judgment in action No. 356301 is both res judicata and a bar to the matters set forth in the complaint herein.

Complaint is made as to the regularity of certain procedure in one of the municipal court actions. Assuming, but not deciding, that there was any irregularity, it should be noted that such claimed irregularity could only be attacked upon appeal from the judgment in that case, and no such appeal was made. Moreover, as we have heretofore pointed out, the correctness of the ruling of the trial court as to the judgments in these municipal court actions is not necessary to the validity of the judgment in this case.

Questions as to the effect of rulings by the trial judge on motions and other matters prior to final judgment in the case are not before us. Nor are evidentiary matters produced at the hearing.

Subsequent to argument, plaintiffs filed ''Additional Points and Authorities'' in which they seem to question whether the proceedings in the former actions and the opinion of the trial judge are properly before us on this appeal. We deem that they are. ▉ Moreover, we should point out that without the former proceedings being before us we would be required to assume, without any examination of the prior proceedings, that the trial court's finding that they are res judicata in this action is fully supported by the record in the trial court. (See rule 52, Rules on Appeal; *Alkus* v. *Johnson-Pacific Co.*, 80 Cal.App.2d 1, 9 [181 P.2d 72]; *Kuhn* v. *Ferry & Hensler*, 87 Cal.App.2d 812, 814 [197 P.2d 792].)

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied July 16, 1954, and appellants' petition for a hearing by the Supreme Court was denied August 10, 1954.