**Sam GREITZER and Tillie Greitzer, husband and wife, Plaintiffs,**

**v.**

**UNITED STATES NATIONAL BANK, a corporation, and Francis I. du Pont & Co., a corporation, Defendants.**

**Civ. No. 70–420.**

United States District Court,
S. D. California.

April 19, 1971.

Schwartz & Alschuler, Marshall B. Grossman, Los Angeles, Cal., for plaintiffs.

Calfas & Calfas, Santa Monica, Cal., and Jaffe & Orliss, Theodore Orliss, Los Angeles, Cal., for Fráncis I. du Pont & Co.

Epport & Delevie, Victor M. Epport, Los Angeles, Cal., for U. S. National Bank.

### MEMORANDUM OPINION AND ORDER

WALLACE, District Judge.

### THE COMPLAINT

This is a case arising out of a securities transaction. In the complaint the plaintiffs alleged five different causes of action. The first cause of action pertains to violations of the margin requirements promulgated under the Securities Exchange Act of 1934. The second cause of action deals with the antifraud provisions of section 10(b) of the 1934 Act. The third cause of action alleges liability under § 17(a) of the Securities Act of 1933. The fourth cause of action is based on an allegation of common law deceit. The fifth cause of action alleges liability under the National Association of Securities Dealers Rules which requires that a broker's recommendations be suitable. The fourth and fifth causes of action are based on pendent jurisdiction.

In paragraph 11 of the complaint, plaintiffs have alleged that as a direct and proximate result of the conduct of the defendants, the plaintiffs have suffered severe emotional distress and damage to their physical and mental well-

being. This paragraph has been incorporated by reference in each of the succeeding causes of action. The seventh item of the prayer refers to damages for "emotional and physical injury and distress."

## THE MOTION

In the motion presently before this Court, the defendant du Pont has moved to strike from the complaint plaintiffs' allegation that they are entitled to damages for mental suffering. The issue to be determined is: Can plaintiffs recover damages for emotional distress in any of the five causes of action they assert?

## THE FEDERAL SECURITIES ACTS

Neither the Securities Act of 1933 nor the Securities Exchange Act of 1934 contains any specific provision dealing with the recovery of damages for emotional distress. Furthermore, no case has been cited nor has there been a case found where a court either has authorized or proscribed the recovery of such damages.

The scope of liability under the 1934 Act is defined in § 28(a) of that Act, 15 U.S.C. § 78bb(a), which provides in pertinent part that:

> * * * no person permitted to maintain a suit for damages under the provisions of this chapter shall recover * * * a total amount in excess of his *actual damages* on account of the act complained of. (Emphasis supplied)

In the course of interpreting this section, the court in Estate Counseling Service, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Incorporated, 303 F.2d 527, 533 (10th Cir., 1962) said:

> "Actual damages," under the Federal rule of damages for fraud is the "out of pocket rule." In the Federal courts the measure of damages recoverable by one who through fraud or misrepresentation has been induced to purchase bonds or corporate stock, is the

difference between the contract price, or the price paid, and the real or actual value at the date of the sale, together with such outlays as are attributable to the defendant's conduct. Or in other words, the difference between the amount parted with and the value of the thing received. * * *

> According to this theory, the question is not what the plaintiff might have gained, but what he has lost by being deceived into the purchase; the defendant is liable to respond in such damages as naturally and proximately result from the fraud; he is bound to make good the loss sustained—such moneys as the plaintiff has paid out, with interest, and any other outlay legitimately attributable to the defendant's fraudulent conduct—but this liability does not include the expectant fruits of an unrealized speculation.

This case seems to look to an *economic* loss as a proper measure of damages. If so, it would not include mental suffering.

In the 1933 Act there is a similar section describing the scope of recovery. In § 12 of the Act, 15 U.S.C. § 77*l*, it provided that:

> Any person who * * *

> offers or sells a security in violation of section 77e of this title * * * shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

There was considerable discussion by counsel as to whether punitive damages are allowed under the Acts and whether this is helpful as to the question of damages for emotional distress. In Globus v. Law Research Service, Inc., 418 F.2d 1276, 1284 (2d Cir., 1969), the court

said in reference to § 17(a) of the 1933 Act:

> Since even in this day of easily implied liability under the securities acts, it is not settled to everyone's satisfaction that *compensatory damages* are authorized by 17(a), it would no doubt jolt and startle the draftsmen of the 1933 Act to be told that they also authorized the recovery of punitive damages when that section was formulated. (Emphasis supplied)

It would seem that punitive damages are not allowed under the Acts. Cf. dictum in Hecht v. Harris, Upham & Co., 283 F.Supp. 417 at 445 (N.D.Cal., 1968).

The question of recovering punitive damages under either of the Federal Acts involves different considerations from those we face here since recovery for emotional distress is actually *compensatory* in nature. The only question is whether *this type* of compensatory damages is recoverable. A reading of the cases involving punitive damages is helpful, but not dispositive. The courts that have considered the possibility of awarding punitive damages have examined the scope of recovery envisaged by each of the Acts. Unfortunately, none of these cases has discussed the scope of recovery in terms broad enough to provide a general guideline.

The language of 15 U.S.C. § 77l and 15 U.S.C. § 78bb(a) appears to be designed to afford purely economic protection. This is consistent with the *Estate Counseling Service, Inc.* case statement: " * * * the difference between the amount parted with and the value of the thing received", 303 F.2d at 533. It is significant also that the language of the last part of 15 U.S.C. § 77l is phrased in strictly financial terms. It is, therefore, held that emotional damages are not provided for in the Acts themselves.

However, the question arises as to whether there may be recovery for emotional distress via an incorporation of California rights through § 78bb(a) (1934 Act) or § 77p (1933 Act), each of which provides:

> The rights and remedies provided by this [subchapter or chapter] shall be in addition to any and all other rights and remedies that may exist at law or in equity.

Does this language mean that any right or remedy allowed by California may become a part of the remedies allowed under the Acts? Does this include damages allowed by California? Or, is this language merely to show the Federal Government has not preempted the field and state actions still can be prosecuted? These questions must be answered *if* California does in fact allow damages for emotional distress in the type situation which is before the Court.

## CALIFORNIA LAW

Basically plaintiffs are seeking, on a sort of parasitic basis, damages for emotional distress, over and above the out-of-pocket damages that normally flow from a cause of action sounding in fraud. No California statute or case has been cited in direct support of such a claim. The case of Ruby v. Debovsky, 126 Cal.App.2d 21, 271 P.2d 983 (1954) has been urged by du Pont as the "leading" case explicitly proscribing a claim for emotional distress in a fraud case. Upon close analysis it appears that the court in *Ruby* relied solely upon Newman v. Smith, 77 Cal. 22, 18 P. 791 (1888) [126 Cal.App.2d at 24, 271 P.2d 983]. Since the validity of *Newman* was put in doubt by State Rubbish Collectors Association v. Siliznoff, 38 Cal.2d 330, 336, 240 P.2d 282 (1952), *Ruby* is, at best, of questionable value. It has never been cited by another California court. Since little weight will be afforded the *Ruby* case, it is, therefore, necessary to examine several related cases to see if a trend in California law would lead to such a conclusion.

There appears to be a general rule that damages for mental suffering are not permitted in cases similar to this. See: 1 Witkin, Summary of California Law, Contracts § 285 at 314 (1960)

(and cases cited therein). Over the years, exceptions have been carved out of this general rule. The plaintiffs must fit themselves into one of these exceptions to prevail. The possible applicable exceptions should be considered. State Rubbish Collectors Association v. Siliznoff, *supra*, opened the gate to recovery for mental distress when there is intentional outrageous conduct. In this case the court held that an independent action exists for outrageous conduct which constitutes invasion of mental tranquility. This exception is of no help to plaintiffs since there is no allegation of outrageous conduct.

A second type of exception is characterized by the case of Herzog v. Grosso, 41 Cal.2d 219, 259 P.2d 429 (1953). In that case plaintiffs were permitted to recover mental distress damages that were the natural consequence of a trespass or nuisance. There is no authority that mental distress necessarily flows from this alleged securities fraud and, therefore, plaintiffs cannot seek refuge under this exception.

The third exception to the general rule is found in Crisci v. Security Insurance Company of New Haven, Connecticut, 66 Cal.2d 425, 58 Cal.Rptr. 13, 426 P.2d 173 (1967), a case which allowed damages for mental distress for the tort of wrongful refusal to settle a claim by an insurance company. In the facts of *Crisci*, there was a fiduciary relationship between the insured and the insurer. This was exemplified by the fact that recovery was predicated on the insurer's breach of the covenants of good faith and fair dealing (66 Cal.2d at 430, 58 Cal.Rptr. 13, 426 P.2d 173).

Plaintiffs appear to be arguing that there was a fiduciary relationship between the Greitzers and the Broker (citing Twomey v. Mitchum, Jones & Templeton, Inc., 262 Cal.App.2d 690, 709, 69 Cal.Rptr. 222 (1968)); and, therefore, the *Crisci* rationale should be applied to the instant case. It is true that the fiduciary relationship is common ground,

but it is not a proper point of departure by which the holding of *Crisci* may be applied to the instant case. Rather, the holding in *Crisci* was that a plaintiff is allowed to recover for mental distress flowing from wrongful refusal to settle an insurance claim because such damages are the natural consequences of that tort. They are the natural consequences because one of the major reasons for purchasing an insurance contract is to obtain peace of mind. (66 Cal.2d at 434, 58 Cal.Rptr. 13, 426 P.2d 173.)

As defendant du Pont correctly points out, the unpredictable nature of the stock market obviously is no place to look for "peace of mind."

\* \* \* regardless of how unsophisticated and financially naive the [plaintiffs were, they are] bound to have known that one who deals in the stock market, regardless of in how conservative a manner, [stand] not only the chance to have [their] securities appreciate in value, but likewise [stand] the chance that same may depreciate.

Stevens v. Abbott, Proctor & Paine, 288 F.Supp. 836, 850 (E.D.Va., 1968).

Over and above the distinction of the risks in *Crisci* and in the instant case there is language in *Crisci* specially limiting the case to situations where the plaintiff is not necessarily seeking a commercial advantage. At the end of the opinion the court said:

Recovery of damages for mental suffering in the instant case does not mean that in every case of breach of contract the injured party may recover such damages. Here the breach also constitutes a tort. Moreover, plaintiff did not seek by the contract involved here to obtain a *commercial advantage* but to protect herself against the risks of accidental losses, including the mental distress which might follow from the losses.

66 Cal.2d at 434, 58 Cal.Rptr. at 19, 426 P.2d at 179 (Emphasis supplied)

Obviously, plaintiffs here were seeking commercial advantage in buying stocks.

The more recent case of Windeler v. Scheers Jewelers, 8 Cal.App.3d 844, 88 Cal.Rptr. 39 (1970) further exemplifies the intention of the California courts to limit recovery for mental distress, as described in *Crisci*. In *Windeler* the court said:

> This was a special *circumstance* known to both of the parties at the time the contract was entered into. *Since that contract was one whose terms related to matters directly concerning the happiness and comfort of plaintiff, and were such as to move her affection and tender feelings,* the jury was entitled, under the rule we are discussing, to include in the damages recoverable for the loss of the rings by reason of defendant's negligence, damages for physical suffering or illness proximately resulting from such loss, in addition to the damages sustained because of the actual loss. 8 Cal.App.3d at 852, 88 Cal.Rptr. at 44 (Emphasis supplied)

The facts alleged by plaintiffs do not fit within any of the exceptions to the general rule.

## CONCLUSION AND ORDER

There is no direct authority for awarding mental distress under the securities Acts. The language defining the scope of recovery under those Acts appears not to envision such an award. Therefore, damages for mental distress will not be allowed under either 1933 or the 1934 Act. The question of whether the Acts would allow recovery if allowed by California need not be answered because California does not authorize such damages in this type case.

There is no direct authority allowing damages for mental distress in a fraud action. An analysis of the cases involving mental distress does not indicate any trend to permit such a recovery.

The motion to strike is, therefore, granted.