**Hannah WEISS, as Executrix of the Estate of Paul Weiss, Deceased, Plaintiff,**

v.

**HAYDEN STONE INCORPORATED et al., Defendants.**

No. 70 C 858.

United States District Court, E. D. New York.

Jan. 27, 1972.

Finley, Kumble, Underberg, Persky & Roth, New York City, for plaintiff.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendants Hayden Stone Incorporated, David Coates and Raoul Mancini.

Max S. Kaufman, New York City, for defendant Earl Jaslow.

BRUCHHAUSEN, District Judge.

The defendants move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The motion is addressed to the Eighth, Ninth, Tenth and Eleventh Causes of Action alleged in the complaint, upon the ground that they fail to state claims upon which relief can be granted.

This action arises out of a securities transaction, namely the opening of a margin account by the deceased with Hayden Stone Incorporated. The first Seven Causes of Action allege damages as a result of violations of the various Federal Security Acts. The allegations contained in the Causes of Action, numbered Eighth, Ninth, Tenth and Eleventh, allege that as a result of the aforesaid violations the decedent suffered pain and suffering, mental and emotional distress and finally as a direct result of the negligent conduct of the defendant the wrongful death of the above named, Paul Weiss.

■ The sole issue for determination is whether alleged violations of the Federal Security and Exchange Acts permit recovery for conscious pain and suffering and wrongful death.

In Greitzer v. United States National Bank, 326 F.Supp. 762, at page 763 (D. C.), the Court held in part:

"Neither the Securities Act of 1933 nor the Securities Exchange Act of 1934 contains any specific provision dealing with the recovery of damages for emotional distress. Furthermore, no case has been cited nor has there been a case found where a court either has authorized or proscribed the recovery of such damages.

"The scope of liability under the 1934 Act is defined in § 28(a) of that Act, 15 U.S.C. § 78bb(a), which provides in pertinent part that:

" * * * no person permitted to maintain a suit for damages under the provisions of this chapter shall recover * * * a total amount in excess of his actual damages on account of the act complained of."

In Levine v. Seilon, Inc., 439 F.2d 328 (2 Cir.) (1971), the Court held in part at page 334:

"Under the 'general' laws regime of Swift v. Tyson, 41 U.S. (16 Pet.) 1, 10 L.Ed. 865 (1842), the rule in the federal courts was that a defrauded buyer of securities is entitled to recover only the excess of what he paid over the value of what he got, not, as some other courts had held, the difference between the value of what he got and what it was represented he would be getting. [Citing cases.] This also is the governing rule under Rule 10b–5 in cases of defrauded buyers. [Citing cases.]"

The Court further held in part at page 335:

"The plain fact is that save for the possibility of selling to an innocent victim, Levine lost nothing from Seilon's alleged fraud except the euphoria he doubtless experienced during the summer and fall of 1968. This does not constitute the 'actual damages,' see § 28(a), compensable under § 10(b) of the Securities Exchange Act or Rule 10b–5."

The authorities clearly indicate that an economic loss is the proper measure of damages that may be recovered. There has been no case submitted or found by this Court that allows recovery for mental anguish and wrongful death, pursuant to a violation of the Federal Securities Law. The cases cited by the plaintiff are clearly distinguishable and do not support its position. Those cases wherein recovery for mental disturbances was allowed resulted from the natural consequences of the wrongful act.

■ Finally the Court may not assume nor does it possess pendant jurisdiction of the controverted Causes of Action. They are not permissible pursuant to the Federal Security and Exchange Acts. Furthermore, the Court is firmly convinced that the New York Courts would not extend the Tort law to include these claims. As above stated, the authorities relied upon by the plaintiff are clearly distinguishable.

The motion is granted. Settle order on three (3) days' notice.

Copies hereof are being forwarded to the attorneys for the parties.