[Civ. No. 3561. Third Appellate District.—September 25, 1928.]

AMBASSADOR HOTEL CORPORATION (a Corporation), Appellant, v. LOS ANGELES COUNTY, Respondent.

Roger Marchetti and H. R. Collins for Appellant.

Everett W. Mattoon, County Counsel, J. A. Tucker and W. Sumner Holbrook, Deputies County Counsel, for Respondent.

PLUMMER, J.—By this action the plaintiff sought to recover the sum of $9,084.87, alleged excess in taxes paid the County of Los Angeles for the years 1922, 1923, and 1924. Judgment was entered for the defendant after the defendant's demurrer to the second amended complaint had been sustained. From this judgment the plaintiff appeals.

The complaint alleges that the plaintiff is the lessee and in possession of certain real property situate in the County of Los Angeles known as and called the Alexandria Hotel property. A description of the property is set forth in the complaint, showing that the hotel is so erected as to leave certain light-wells or open spaces to give light and air to the rooms contained in said building. That the light spaces referred to have walls on only three sides. It is then set forth that for the purposes of determining the assessable value of said property, the assessor of the County of Los Angeles adopted the method of computing the cubic contents of the building erected upon the real property possessed by the plaintiff. That in so doing the assessor included all the light and air courts existing between the extra walls of the building, and figured the same as though said light and air courts were built in with solid construction, etc., the same as the rooms contained in the hotel building. It is then alleged that it was the rule of the assessor, in determining the method of computation for assessment purposes, to exclude from his computation all of that portion of the light and air courts the cubic contents of which exceed ten per cent of the entire cubic contents of buildings. It is further alleged by the plaintiff upon information and belief that the cubic contents of the light and air courts in the building erected upon the real property described in plaintiff's complaint is considerably in excess of ten per

cent of the entire cubic contents of the buildings erected upon the real property. It is then alleged that the assessor, in making his computation, failed to exclude from the cubic contents of the hotel building all that portion of the light and air courts in excess of ten per cent, etc.; that the failure to exclude such portion of the light and air courts by the assessor was owing to the mistaken belief of the assessor that in his calculations, the cubic contents of the light and air spaces had been excluded. The complaint then sets forth that the alleged error in computation was not discovered by the plaintiff until in April, 1925, after the taxes referred to had all been paid, and that the plaintiff could not have discovered the mistake by reasonable diligence. That the plaintiff paid said taxes, together with the erroneous tax or the amount assessed by the assessor upon said light and air courts without knowledge, at the time of the payment, that the taxes were erroneously assessed and without knowledge that the taxes were assessed upon the said spaces, etc. The complaint then sets forth a schedule of the property assessed, showing that the property referred to was described on the assessment-roll as follows:

"Subdivision northerly part of Block 13 Ord's Survey, being the southerly 24 feet of the northerly 48 feet of Lot 7

(A) Assessment No. 22783
Real Estate ................... $ 45,600.00
Improvements ................. 111,280.00
_____
156,880.00

(B) Assessment No. 22782
Northerly 24 feet Lot 7 aforesaid
Real Estate ................... 45,600.00
Improvements ................. 111,280.00
_____
Total Assessment ................... 156,880.00

(C) Assessment No. 22781
That portion of Ord's Survey being the northerly 12 feet of Lot 6 and the southerly 12 feet of Lot 7
Real Estate ................... 45,600.00
Improvements ............... 111,280.00
_____
Total Assessment ................. 156,880.00

(D) Assessment No. 22780

    That portion of Block 13 described as the northerly 24 feet of the southerly 48 feet of Lot 6 of the subdivision thereof

    Real Estate ................... 45,600.00
    Improvements .................. 111,280.00

    Total Assessment .................. 156,880.00

(E) Assessment No. 22772

    Lot "A"
    Real Estate .................... 382,280.00
    Improvements ................ 344,170.00

    Total Assessment .................. 726,450.00"

This is followed by the amount of taxes for the respective years, which is not material herein.

The complaint contains no allegation that any application was ever made to the board of equalization for a reduction in value of any of the properties assessed. The whole cause of complaint is based upon the assumption that the assessments were made upon nonexisting property.

There is nothing in the complaint from which the conclusion can be drawn that there was any discrimination made by the assessor in assessing the Alexandria Hotel property. The complaint is entirely silent as to whether other like property was or was not, during the same period of time, assessed in the same manner. There is no allegation in the complaint that the amount of taxes paid by the plaintiff was in excess of the amount of taxes which should have been paid by the plaintiff on the true assessable value of the properties involved. In fact, the cause of complaint is not that the plaintiff has paid more taxes than it should have paid, that the property has been assessed too high, that the assessor was guilty of any discrimination, or that any other like property has been assessed at a lower figure. The only cause of complaint is that in determining the assessable value of the property, the assessor included in his calculations air and light spaces, whereas it is alleged, "It was the rule of said assessor, in determining the said method of computation for assessment purposes, to exclude from his computation all of that portion of said light and air courts the cubic contents of which exceeded ten per cent of the entire cubic

contents of the building or buildings.'' It does not appear
from the complaint that the assessor followed that rule
during any of the years referred to, or that any other build-
ings were assessed by the assessor of Los Angeles County
by figuring the cubic contents thereof, and then excluded
the air and light spaces exceeding ten per cent, etc. The
copy of the assessment-roll contained in the complaint which
we have set forth herein shows clearly that the assessment
was levied only against the real estate and the improvements
thereon possessed by the plaintiff, the improvements being
described only as to the value. The accuracy of this value
is not contested. If the assessment is not too great; if the
value placed upon the improvements is not disproportionate
to other like property in the County of Los Angeles; if
there has been no discrimination between the property pos-
sessed by the plaintiff, and other property of like character;
if no extra burden has been cast upon the plaintiff over and
above that borne by other taxpayers, it does not appear
in just what manner the plaintiff has been injured or how
the assessment has been rendered discriminatory, illegal, or
unjust. It may be true, as contended by the appellant,
that if the light and air spaces had been excluded from the
cubic contents of the Alexandria Hotel, a somewhat lessened
value might have been placed upon the improvements re-
ferred to, but that does not lead to the conclusion that the
assessment is excessive or is unjust or is discriminatory. The
question to be determined is not whether the assessor used
an erroneous method, or even whether the assessor made a
mistake in the method employed by him in ascertaining the
value of the property to be assessed, but whether the plain-
tiff has paid taxes upon his property which in law and in
justice should not have been paid. True, the complaint
alleges that by reason of the mistake of the assessor, taxes
were illegally assessed, and that there has been unlawfully
set down and collected from plaintiff during the years re-
ferred to the aggregate amount for which the plaintiff prayed
judgment, but the conclusions drawn by the appellant are
not supported by the facts. There is nothing illegal or void
or unlawful in the assessment so far as the complaint sets
forth any facts, nor is there any double assessment, as con-
cluded by the pleader. All that is set forth is contained

in the simple statement, if the allegations be correct, that the method of computing the cubic contents of the Alexandria Hotel was erroneous in not excluding the open-air spaces. If the assessed value of the property is just, and there is no allegation that it is unjust, there is no basis for the conclusion that the assessment was either "erroneous, fraudulent, illegal or void." There is nothing in the complaint from which the trial court could conclude that the plaintiff had been required to pay a tax based upon an unjust assessment or based upon an assessment which assessed the plaintiff's property at a higher value than other like property, or based upon an assessment discriminatory in any manner whatever. The only conclusion at which the trial court could arrive from the allegations in the complaint would be (following strictly the allegations of the complaint) that perhaps plaintiff would not have been required to pay all the taxes that it did pay, had the assessor excluded the open air spaces, and not that the plaintiff had been required to pay excessive taxes in any amount of taxes that it should not have paid. The complaint is entirely wanting as to any facts from which a trial court could conclude that the Alexandria Hotel, for the assessment purposes, was not worth every dollar of the value placed upon it by the assessor, and justly subject to the taxes levied thereon. If it be conceded that the assessor made a mistake in not excluding the open-air spaces, and that he had intended to exclude the open-air spaces in figuring the cubic contents of the Alexandria Hotel, yet as there has been no complaint made that the value of the hotel, as ascertained by the assessor, was excessive, no legal cause of action is set forth. In order for the plaintiff to have been injured, the plaintiff must have been required to pay taxes in excess of that which it should have paid, not merely that by reason of an error in computation made by the assessor it was required to pay more than otherwise would have been the case.

The answer to plaintiff's contention may be stated in a different manner: If the assessed valuation of plaintiff's property is not greater than it should have been, the plaintiff has not been legally injured because, perchance, it might have been relieved of the payment of some of its taxes had the assessor not committed the alleged mistake. That is the

sum and substance of the plaintiff's alleged cause of action. We do not find anything in section 3804 of the Political Code which would relieve the plaintiff under such circumstances. The reasoning of this court and the authorities cited in the case of *Wild Goose Country Club* v. *County of Butte*, 60 Cal. App. 339 [212 Pac. 711], is a complete answer to plaintiff's contention. Among other things, it is said in that case, in speaking of the determination of the equalization board, that it "cannot be avoided unless the board has proceeded arbitrarily and in willful disregard of the law intended for its guidance and control, with the evident purpose of imposing unequal burdens upon certain of the taxpayers," is most pertinent to the allegations of the plaintiff's complaint in this action, nothing of that kind being alleged. The opinion further contains the following language: "In the absence of evidence tending to show the value of plaintiff's lands or of other lands in the county, the premises were wanting from which a conclusion could be drawn by the board that inequality of assessments existed" (citing authorities). This applies with striking force to the plaintiff's complaint. Nothing is said about the value of other property. Not a single fact is set forth showing that other property was not likewise assessed during the three years involved. The plaintiff has not shown by any facts alleged that its property was assessed at a higher rate or higher proportion of its value than other property in the County of Los Angeles. We do not think it necessary to review the authorities cited by appellant, further than to state that a reading thereof shows that they were all based upon dissimilar circumstances, to wit: excessive valuation of property, discrimination, or inequalities in assessment by which an unjust burden had been cast upon the complaining taxpayer.

An extended review of the authorities is unnecessary. It is sufficient to state that the following cases, among others, support the judgment of the trial court, to wit: *Birch* v. *Orange County*, 88 Cal. App. 82 [262 Pac. 788]; *Wild Goose Country Club* v. *County of Butte*, 60 Cal. App. 339 [212 Pac. 711]; *Globe Grain & Milling Co.* v. *Los Angeles County*, 62 Cal. App. 297 [216 Pac. 631]; *Luce* v. *City of San Diego*, 198 Cal. 405 [245 Pac. 196]; *Los Angeles G. & E.* v. *County*

*of Los Angeles,* 162 Cal. 164 [9 A. L. R. 1277, 121 Pac. 384].

The judgment of the trial court is affirmed.

Hart, J., and Finch, P. J., concurred.