[Civ. No. 11504. Second Appellate District, Division Two.—September 28, 1937.]

GUARANTY LIQUIDATING CORPORATION (a Corporation), Appellant, v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY et al., Respondents.

J. Robert Arkush, Orla St. Clair and H. Arthur Dunn, Jr., for Appellant.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondents.

McCOMB, J.—From a judgment of the trial court denying its petition for a writ of mandate requiring defendants to cancel assessments and taxes upon certain of its real property plaintiff appeals.

The essential facts are:

Plaintiff paid under protest taxes assessed against certain of its real property located in the county of Los Angeles and thereafter instituted an action to recover the same. Defendants filed a demurrer to the complaint and subsequently the parties stipulated that a supplement might be filed to the original complaint (the demurrer theretofore filed to be deemed a demurrer to the supplement as well as the original complaint) and that the court might forthwith rule on the demurrer and enter judgment for the plaintiff, which judgment was to include plaintiff's costs in the sum of $7. Thereafter the court ordered, adjudged and decreed that the assessments and taxes on plaintiff's property described in the complaint should be set aside and declared void in their entirety, and that plaintiff have and recover of defendant the taxes paid under protest in the sum of fourteen thousand one hundred twenty-seven and 49/100 ($14,127.49) dollars, and its costs of suit in the sum of seven and 00/100 ($7) dollars.

Subsequently the county paid the judgment in full, and no appeal being taken, the judgment became final. Immediately thereafter the county reassessed the identical amount against the same property for the same tax period.

■ This is the sole question necessary for us to determine: *Did the judgment in the prior action constitute a finding that the assessed valuation of plaintiff's property was excessive and, if so, was such question res judicata in the present action?*

The answer to this question must be in the affirmative. The complaint in the first suit filed by plaintiff contained the following allegations:

"That the said assessed valuations, as set forth hereinabove, as found by the said County Assessor, were, and are, unfair, unjust, excessive, exorbitant and greatly over and above the valuations placed by the said County Assessor upon like property having no less value similarly situated, owned and used for like purposes by other property owners in the said County of Los Angeles, and placed an unfair and unequal burden upon the plaintiff; the plaintiff was discriminated against and compelled to pay more than its just and fair proportion of taxes of the said City and County and more than it ought in equity and fairness be compelled to pay; the said valuation placed on the said properties by the said County Assessor was greatly above the value of the said properties for assessment purposes in the said County of Los Angeles, and greatly above the actual cash value of the said properties."

In the absence of the foregoing allegations, that is, that the assessments were excessive, the complaint would have failed to state a cause of action. (*Ambassador Hotel, etc.,* v. *Los Angeles County,* 94 Cal. App. 143, 146 [270 Pac. 726].)

■ It is settled that all matters which are embraced within the issues of a former suit are settled and determined by the adjudication therein, and that such findings of fact are conclusive and binding upon the parties and their privies in all subsequent proceedings between them involving the same issues. (34 Cor. Jur. 1072, sec. 1516; 34 Cor. Jur. 927, sec. 1331.) ■ The judgment of a court of competent jurisdiction entered upon a stipulation of the parties has the same effect as if the action had been tried on the merits. (*McCreery* v. *Fuller,* 63 Cal. 30, 31; *Moore* v. *Schneider,* 196 Cal. 380, 389 [238 Pac. 81].)

■ Therefore, since in the previous case there was a final judgment adjudicating that the assessments on plaintiff's property were excessive, this finding was conclusive upon the parties to the present action; and, since it is undisputed that

the reassessment on the same property for the same period between the same parties was in the same amount as the prior assessments, the peremptory writ of mandate sought by plaintiff in the instant case should have been granted.

For the foregoing reasons the judgment is reversed and the trial court is directed to enter an order in conformity with this opinion.

Crail, P. J., and Wood, J., concurred.