[Civ. No. 6596.   Third Dist.—July 1, 1941.]

LAURA L. PAPINEAU, as Special Administratrix, etc., Appellant, v. SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Respondent.

LeRoy B. Lorenz, Chase, Barnes & Chase, Lucius K. Chase and C. L. Gardner for Appellant.

Frank P. Doherty and William R. Gallagher for Respondent.

PULLEN, P. J.—By this action plaintiff and appellant sought to have the court define the interest of plaintiff in a certain trust, to declare the trust terminated, for an accounting, and to have distributed to plaintiff an undivided one-tenth interest therein.

Upon the death of Francis Ganahl in 1916 a trust was created by his widow and children by conveying the property to the predecessor of the defendant bank, as trustee. The trust was primarily to secure the repayment of $10,000 to the trustee by the beneficiaries, this sum having been advanced by the bank to close the estate, and also to provide a convenient method of handling the property, particularly during the life of the widow who was entitled to the income for her life. The trust agreement provided for termination of the estate after repayment of the bank loan upon the request of the beneficiaries, under certain specified conditions, and also provided that the respective interests were assignable by the several beneficiaries.

In 1925, Vincent P. Ganahl, one of the beneficiaries, borrowed $5000 from respondent bank, and as security therefor assigned, with power of sale, his beneficial interest in the trust.

In 1929 Vincent P. Ganahl borrowed from O. L. Papineau the sum of $40,000, and as security transferred and assigned to him his beneficial and reversionary interest in the trust.

In 1930 the trustee bank notified Papineau of the default of Vincent P. Ganahl under the prior assignment, and of the intended sale of the interest of Vincent P. Ganahl to satisfy said loan, and in due time such interest was sold to Ernest Ganahl, a brother of the pledgor, for approximately $5000.

Thereafter an action was brought by Papineau against the trustee and Vincent P. Ganahl and Ernest Ganahl on the theory that the defendants had conspired to conceal from him the existence of the prior assignment. Upon the trial of the issues thus presented the trial court found that neither the defendant bank nor any of its officers had made any fraudulent representations, nor had been guilty of any concealment, and further found that at the time of the second assignment the bank had informed plaintiff of such prior assignment, and entered judgment in favor of the defendant. This judgment was affirmed in *Papineau* v. *Security-First National Bank et al.*, 6 Cal. (2d) 668 [59 Pac. (2d) 131].

A few months later the present action was commenced, wherein plaintiff claimed to be the owner of a one-tenth beneficial interest in the trust by reason of an assignment from Vincent P. Ganahl, and set up the fact that the beneficial interest so sold had terminated and the trust had been completed by the fulfillment of its purposes, and asked that plaintiff's interests be declared and the *corpus* of the trust distributed to the persons legally entitled thereto.

In answer to the complaint the bank set up the former assignment, the default of Vincent P. Ganahl, and the sale of his one-tenth beneficial interest in the trust. For a separate defense the defendant bank also set up the former decision in the prior action as a bar and estoppel to the issues raised in the present action.

The trial court granted the motion for a trial upon the issues of *res judicata* and estoppel raised by the separate defense, and held the plea of *res judicata* was well taken and that the issues raised in the complaint were finally and completely adjudicated in the prior action. It is from that judgment this appeal is taken.

It is the contention here that Vincent P. Ganahl, as beneficiary under the trust, had two interests in the trust, one a beneficial interest and the other a reversionary interest, and

that only the beneficial interest was litigated in the prior action.

The term, however, "beneficial interest" is commonly used to designate the entire interest of a beneficiary in a trust, and it is apparent such term was here so used.

In the original complaint in the first action plaintiff so used the term, alleging in paragraph III "that by the terms of said declaration of trust the said Vincent P. Ganahl is made the owner of an undivided one-tenth beneficial and reversionary interest . . . " and also "that Vincent P. Ganahl offered . . . to convey to plaintiff as security for the payment of the . . . purchase price, the said one-tenth beneficial and reversionary interest . . . " and when plaintiff inquired of the trustee if Ganahl could assign said beneficial interest he was informed that he "could assign said beneficial interest in said trust to plaintiff as security, and that defendant trustee would recognize such assignment;" also it is alleged the bank notified plaintiff of its intention of foreclosing the said one-tenth beneficiary and reversionary interest of Vincent P. Ganahl. In fact it clearly appears that when the beneficial interest of the grantee is referred to it relates to the entire interest of the assignee. Inasmuch, therefore, as the issue here presented was whether plaintiff had any interest in the trust, which was the same issue as was presented and adjudicated in the prior action, the decision there rendered forecloses any further inquiry on that issue.

In the former action the principal object was to obtain a decree that plaintiff had an interest in the estate. The court having found that plaintiff had no such interest in the trust, that issue cannot now again be litigated, even if the form of the action or the nature of the action may differ. In *Detwiler* v. *Clune*, 77 Cal. App. 562 [247 Pac. 264], plaintiff attempted to rescind a contract on two grounds, fraud and failure of consideration. Having failed in that action he then sought to recover the money paid by him under the contract on the ground of failure of consideration. The court held the two actions were the same, notwithstanding the fact the prior action was for rescission of the contract and the subsequent action to recover upon a consideration that had failed.

Appellant contends the prior action was an action in law for a tort, but the facts alleged attempted to establish an equitable estoppel, which would preclude defendants therein

from successfully relying upon the prior assignment, and sought damages only in the event this relief was denied him.

■ Such is evident from the allegations of the complaint, and is apparent from the prayer which may be consulted in determining the character of the case. (*McPheeters* v. *McMahon*, 131 Cal. App. 418 [21 Pac. (2d) 606] ; *Bank of America National Trust and Savings Association* v. *Feig*, 21 Cal. App. (2d) 247 [68 Pac. (2d) 985].)

■ We need not discuss the well established rule that an adjudication of an issue in a prior action is conclusive of the rights of the parties in a subsequent action involving the same issue. (*English* v. *English*, 9 Cal. (2d) 358 [70 Pac. (2d) 625, 128 A. L. R. 467; *Guaranty Liquidating Corp.* v. *Board of Supervisors*, 22 Cal. App. (2d) 684 [71 Pac. (2d) 931].)

As said in Freeman on Judgments, Fifth Ed. sec. 672, page 1418:

''If the existence, validity or construction of a contract, lease, conveyance or other obligation has been adjudicated in one action it is *res judicata* when it comes again in issue in another action between the same parties, though the immediate subject matter of the two actions be different. . . . ''

Plaintiff, in both actions, is relying upon the same assignment, and must of necessity rely upon the same evidence to establish his ownership of an interest in the trust.

■ Also the attempt to differentiate between the reversionary interest and a beneficial interest as shown by the language of the complaints is an attempt to split an issue which cannot be done, for an issue may not be litigated piecemeal. (*Price* v. *Sixth District Agricultural Association*, 201 Cal. 502 [258 Pac. 387] ; *Andrews* v. *Reidy*, 7 Cal. (2d) 366 [60 Pac. (2d) 832].)

What has been said is sufficient to sustain the action of the trial court, and it is unnecessary to consider other points urged for reversal. The judgment is affirmed.

Tuttle, J., and Thompson, J., concurred.

A petition for a rehearing was denied July 31, 1941, and appellant's petition for a hearing by the Supreme Court was denied August 28, 1941.