[Civ. No. 19092.   Second Dist., Div. Two.   Dec. 5, 1952.]

MACK N. HENRY et al., Appellants, v. CITY OF LOS ANGELES et al., Respondents.

Lyman A. Garber for Appellants.

Ray L. Chesebro, City Attorney, and Robert B. Burns, Deputy City Attorney, for Respondents.

McCOMB, J.—Plaintiffs appeal from a judgment in favor of defendants predicated upon the sustaining of their demurrers without leave to amend in an action to recover damages for wrongful death.

*Facts:* Plaintiffs brought an action for wrongful death of their son, shot by a Los Angeles reserve police officer while on patrol duty, against the city of Los Angeles, Chief Parker

as Chief of the Los Angeles Police from August 9, 1950, to the date of the filing of the complaint, and C. B. Horrell as Chief of Police from 1940 to June, 1949. A claim under the provisions of section 1981, Government Code, was served upon and filed with the clerk of the city of Los Angeles but not presented to nor filed with any other person.

General demurrers having been sustained without leave to amend and a judgment entered pursuant thereto the present appeal has ensued.

*Questions:* First: *Was the demurrer properly sustained as to the defendant municipal corporation?*

*Yes.* These pertinent rules are here controlling:

█ 1. A municipal corporation is not liable in the absence of a special statute rendering it liable (there is no such statute applicable to the facts of the instant case), for the torts of its agents in the performance of governmental as distinguished from proprietary functions. (*Norton* v. *Hoffman,* 34 Cal.App 2d 189, 194 [1] [93 P.2d 250]; *Wood* v. *Cox,* 10 Cal.App.2d 652, 653 [1] [52 P.2d 565].)

█ 2. The maintenance and operation of a police department is a governmental function. (*Brindamour* v. *Murray,* 7 Cal.2d 73, 78 [59 P.2d 1009].)

Under the foregoing rules it is evident that the demurrer was properly sustained as to defendant municipality.

█ Second: *Did the complaint fail to state a cause of action against defendants Horrell and Parker because it is not alleged that plaintiffs complied with the provisions of Government Code, section 1981?*

*Yes.* Government Code, section 1981, reads thus:

"*Claim for damages: Presentation and filing.* Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment or as a result of the dangerous or defective condition of any public property, alleged to be due to the negligence or carelessness of any officer or employee, within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of the school district, county, or municipality, as the case may be. In the case of a State officer the claim shall be filed with the officer and the Governor."

In the present case plaintiffs failed to allege (and they concede they could not truthfully make such an allegation) that

they had presented a verified claim in writing as provided in section 1981, Government Code, for damages to either of the public officers sought to be charged for the wrongful death of their son. Such an allegation is an essential element of plaintiffs' cause of action. (*Ward* v. *Jones,* 39 Cal.2d 756, 758 et seq. [249 P.2d 246].)*

The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied December 23, 1952, and appellants' petition for a hearing by the Supreme Court was denied February 2, 1953. Carter, J., was of the opinion that the petition should be granted.

*It is to be noted that at the time the present appeal was taken the Supreme Court had not filed its opinion in *Ward* v. *Jones, supra.*