[Civ. No. 17000. First Dist., Div. Two. Oct. 4, 1956.]

LEO CHAPPELLE, JR., a Minor, etc., Appellant, v. CITY OF CONCORD et al., Respondents.

Benjamin F. Marlowe for Appellant.

Thomas F. McBride, City Attorney, and Thomas John Coll for Respondents.

THE COURT.—Plaintiff appeals from a judgment entered on the sustaining of demurrers to his complaint and dismissal

of said complaint on the ground that the issues raised in it had been adjudicated in a prior judgment.

Plaintiff, a minor, through his guardian *ad litem*, had brought an action against the city of Concord (hereinafter called the City) and Tony Freitas, a police officer of the City, for false arrest, false imprisonment, assault and battery allegedly occurred on June 10, 1954. The action against the City was also based on negligence in retaining defendant Freitas in its service as a police officer notwithstanding his reputation for violence. It was further alleged in the first amended complaint in said action that plaintiff served a claim on the city clerk of the City on February 24, 1955, at which time he had first heard of his legal rights against the City from his guardian *ad litem*. Demurrers of both the City and Freitas were sustained without leave to amend and judgment for defendants was entered accordingly on May 18, 1955. Plaintiff did not appeal from said judgment but on the same date filed a new complaint, which introduced the present action. Its allegations were literally the same as those of the first amended complaint in the prior action, except that an allegation was added to the effect that immediately after the assault plaintiff's guardian *ad litem* was informed by the City through its city manager that it was not necessary for her to file a claim on behalf of plaintiff and that the City would take care of everything, that in reliance on said representation, plaintiff failed timely to file a verified claim and that the City therefore is estopped to rely on said failure. The demurrers sustained to said complaint are mentioned in the judgment but their character does not appear from the transcript. However, the judgment for defendants must at any rate be upheld on the basis of res judicata.

Whether and in how far a judgment entered on the sustaining of a demurrer is res judicata depends on the character of the demurrer sustained. To plaintiff's first amended complaint, the defendants demurred both generally (no cause of action stated) and specially for ambiguity, uncertainty and unintelligibility, the special demurrers relating to different minor details. The fact that the demurrers to the first amended complaint were sustained without leave to amend shows that it was the general demurrers that were sustained. That such was also the understanding of plaintiff is shown by the fact that in his new complaint he did not try to cure the alleged defects against which the special demurrers were directed.

A judgment on a general demurrer will have the effect

of a bar in a new action in which the complaint states the same facts which were held not to constitute a cause of action on the former demurrer or, notwithstanding differences in the facts alleged, when the ground on which the demurrer in the former action was sustained, is equally applicable to the second one. (*Goddard* v. *Security Title Ins. & Guar. Co.*, 14 Cal.2d 47, 52 [92 P.2d 804] ; *Keidatz* v. *Albany,* 39 Cal.2d 826, 828 [249 P.2d 264].) Under this rule the former judgment is a bar to the present action.

No cause of action against the City is stated in either complaint because in the governmental function here involved it is protected against tort liability by the sovereign immunity. The operation of a police department by a municipality is a governmental function, and in the absence of a special statute rendering it liable, the municipality is not liable for the torts of its officers in the performance of said function. (*Henry* v. *City of Los Angeles,* 114 Cal.App.2d 603 [250 P.2d 643] and cases there cited.) The same rule applies to damages caused by the negligence of the municipality itself in the exercise of a governmental function. (*Miller* v. *City of Palo Alto,* 208 Cal. 74, 75 [280 P. 108].) *Fernelius* v. *Pierce,* 22 Cal.2d 226 [138 P.2d 12], on which appellant relies, was an action against individual superior officers of the tort feasor, to which individuals the sovereign immunity does not extend. The governmental character of the function was one of the grounds adduced by the City for its general demurrer and we must presume that the demurrer was sustained in whole or in part on that ground. The new allegation with respect to the estoppel of the City is wholly irrelevant to this point. The application of the doctrine of res judicata with respect to the action against the City was correct.

The general demurrer of defendant Freitas was based solely on the requirement of section 1981 of the Government Code that for certain personal injury and property damage actions against a public officer a verified claim must within 90 days be presented to the officer claimed to have caused the damage, which presentation was not alleged. The contention was unsound. Section 1981, *supra,* according to its language refers to *negligence or carelessness* of a public officer only. It does not apply to intentional torts like the ones here alleged. (*Sarafini* v. *City & County of San Francisco,* 143 Cal.App.2d 570, 574-575 [300 P.2d 44] ; *Cf. Ward* v. *Jones,* 39 Cal.2d 756, 760 [249 P.2d 246].) No

other ground why no action would lie against the tort feasor himself appears. However, the general demurrer was sustained and plaintiff did not appeal so that the judgment became final. ██ "An erroneous judgment is as conclusive as a correct one." (*Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 640 [134 P.2d 242]; *Weil* v. *Barthel*, 45 Cal.2d 835, 839 [291 P.2d 30].) With respect to the action against defendant Freitas, the complaint in the action before us and the one in the prior action are identical. The only additional allegation, the one concerning the estoppel, relates to defendant City only. ██ The adjudication in the prior action was then conclusive in this respect.

██ We are aware of the fact that in rare cases exceptions to the application of the res judicata doctrine have been made when rigid adherence would defeat the ends of justice, contrary to important considerations of policy. (See *Greenfield* v. *Mather*, 32 Cal.2d 23, 35 [194 P.2d 1]; 50 C.J.S. 13; 30 Am. Jur. 909.) However, such exception is not applied simply because the decision is erroneous. Even in *Greenfield* v. *Mather*, *supra*, which goes further in this direction than any other case known to us, many circumstances were stated showing the exceptional character of the case, in which many appeals to the Supreme Court had been taken and in which conflicting decisions had been given on points not clearly in issue, and even in that case three justices dissented. Here, both parties misapprehended the law and induced the court to do the same and plaintiff permitted the decision to become final although appeal was available. There is no reason to permit him to relitigate the point, contrary to the purpose of the res judicata doctrine that there be an end to litigation when once a final decision as to a point has been obtained by the parties.

Judgment affirmed.