[Civ. Nos. 32507, 32508. Second Dist., Div. Three. Mar. 20, 1969.]

UNITED STATES FIRE INSURANCE COMPANY, Plaintiff and Appellant, v. HANS F. JOHANSEN, Defendant and Respondent.

(Two Cases.)

Anderson, McPharlin & Conners and Luther L. Jensen for Plaintiff and Appellant.

Kelley & Clark, Stanley D. Clark and Louis S. Kunert for Defendant and Respondent.

FORD, P. J.—The plaintiff, United States Fire Insurance Company, has appealed from judgments in two cases, which were consolidated for trial, in which it sought to recover from defendant Johansen under an agreement of indemnity. The plaintiff contends that the trial court erred in holding that Mr. Johansen was released from liability because the plaintiff did not proceed under its attachment of property of Oscar I. Slattebo and Margaret F. Slattebo who were also liable to the

plaintiff and in holding that the agreement of indemnity of March 28, 1962, executed by Mr. Johansen, did not indemnify against losses sustained under prior bonds as well as bonds written subsequent to the execution of that agreement of indemnity.

The nature of the controversy can be made readily apparent by a résumé of the facts found and the legal conclusions of the trial court with respect thereto in each case. Such summary with respect to the action filed on January 8, 1964, is as follows: 1. On January 23, 1962, plaintiff, as surety, executed a performance bond on behalf of Boa Corporation as principal by the terms of which plaintiff guaranteed the performance by Boa Corporation of a described construction contract; plaintiff became obligated to pay and did pay $65,978.43 pursuant to the terms of that bond. 2. On April 25, 1962, plaintiff executed a similar performance bond on behalf of Boa Corporation, under which it became obligated to pay and did pay the sum of $22,460.54. 3. On July 2, 1962, plaintiff executed a similar performance bond on behalf of Boa Corporation under which it became obligated to pay and did pay the sum of $15,860.26. 4. On March 7, 1962, defendants Slattebo Corporation, Boa Corporation, Oscar I. Slattebo and Margaret F. Slattebo executed in favor of plaintiff an agreement of indemnity in which it was provided that the agreement would operate retroactively to include losses suffered by plaintiff on bonds written for Boa Corporation prior to March 7, 1962, as well as losses on bonds written thereafter. 5. On March 28, 1962, defendant Johansen executed an agreement of indemnity in favor of plaintiff which ''was intended by the parties to be effective only as to performance bonds written for Boa Corporation by plaintiff after March 28, 1962, and was not intended by the parties to indemnify and did not indemnify plaintiff for any losses sustained by plaintiff on the bond executed by plaintiff on January 23, 1962, but did apply to the loss of $22,460.54 on the bond executed April 25, 1962, and the loss of $15,860.26 on the bond executed June 29, 1962.'' 6. Reasonable attorney's fees for settling the claims and prosecuting this action as to defendants Boa Corporation, Oscar I. Slattebo Corporation [sic], Margaret F. Slattebo and Slattebo Corporation were $6,460.37. 7. Oscar I. Slattebo and Margaret F. Slattebo were the sole owners of all rights to the assets of Boa Corporation; no stock of that corporation was ever issued; Oscar I. Slattebo and Margaret F. Slattebo furnished all funds to Boa Corporation for its operation; Oscar I. Slattebo

and Margaret F. Slattebo were the sole owners of all of the stock of Slattebo Corporation. 8. ''[A]t the time of and following the losses by plaintiff on bonds to Boa Corporation, plaintiff had under its control sufficient assets of Boa Corporation, Oscar I. Slattebo and Margaret F. Slattebo to reimburse plaintiff in full for all of its losses suffered on its bonds for Boa Corporation, and that Boa [Corporation], Slattebo Corporation, Oscar I. Slattebo and Margaret F. Slattebo were at all times willing to have such property applied to such losses and willing to cooperate in any way requested by plaintiff to apply such assets for the payment of said losses.'' 9. ''[P]laintiff could at all times have proceeded against Boa Corporation, Slattebo Corporation, Oscar I. Slattebo and Margaret F. Slattebo, and recovered all of its losses on the bonds of Boa Corporation in full without resort to the property of Hans F. Johansen''; instead of proceeding diligently against those corporations and persons, the plaintiff, ''believing that the assets of Hans F. Johansen would be sufficient to cover its losses and acting through its attorneys, Anderson, McPharlin & Conners in bad faith toward their indemnitor, defendant Hans F. Johansen, plaintiff proceeded pursuant to an agreement with Continental Casualty Company, also represented by the same attorneys, to divert assets of Boa Corporation, Slattebo Corporation, Oscar I. Slattebo, Margaret F. Slattebo, for the benefit of Continental Casualty Company or losses sustained by that company at a time substantially later than the time that the losses sued upon herein were suffered by plaintiff.''

The conclusions of law were as follows: 1. Plaintiff is entitled to a default judgment against the defendants Boa Corporation, Slattebo Corporation, Oscar I. Slattebo and Margaret F. Slattebo in the amount of $113,857.20, together with costs. 2. The agreement of indemnity executed by defendant Johansen did not indemnify plaintiff for any loss with respect to its bond of January 23, 1962, but the agreement of indemnity did indemnify plaintiff for its loss of $22,460.20 on the bond executed April 25, 1962, and its loss of $15,860.26 on the bond executed June 29, 1962. 3. Boa Corporation was the *alter ego* of Oscar I. Slattebo and Margaret F. Slattebo and that in equity they and the Slattebo Corporation are deemed to be principals with Boa Corporation and not co-indemnitors with defendant Johansen. 4. Plaintiff had under attachment and under its control sufficient assets of the principals on the bonds to pay all losses of plaintiff in full, and the failure to

apply such assets to such losses discharged the liability of defendant Johansen on his agreement of indemnity to plaintiff. 5. "[P]laintiff by acting in bad faith toward its indemnitor, Hans F. Johansen, to divert the assets of the principals, Boa Corporation, Oscar I. Slattebo, Margaret Slattebo and Slattebo Corporation to the benefit of a stranger [Continental Casualty Company], released the defendant, Hans F. Johansen, from his liability to plaintiff on his agreement of indemnity." 6. "[T]he stipulated judgment entered in the District Court of the United States entitled United States Fire Insurance Company v. Boa Corporation, et al., No. 63-1487-PH is of no legal effect as to the matters in this action."

In the action filed on January 5, 1966, the findings of fact and the conclusions of law were substantially the same as in the earlier action,[1] except that the performance bond involved was executed by plaintiff on October 31, 1961, and as to that bond plaintiff became obligated to pay and did pay the sum of $15,948 pursuant to its terms.

We turn first to the question whether by its conduct plaintiff released defendant Johansen from liability under the agreement of indemnity executed by him. Continental Casualty Company had also written bonds for the Boa Corporation and had received agreements of indemnity from Mr. and Mrs. Slattebo, Boa Corporation and Slattebo Corporation, but not from defendant Johansen. Plaintiff had attached property of Mr. and Mrs. Slattebo and had also attached property of defendant Johansen in the first of the two actions presently before this court.

Thereafter an agreement was made between plaintiff and Continental Casualty Company, the agreement as related at the trial being as follows: "An oral agreement was entered into between plaintiff and Continental Casualty Company by Warren Copp on behalf of plaintiff, and James Postula on behalf of Continental Casualty Company, their respective employers. It was agreed that both Continental Casualty Company and plaintiff had written certain bonds on behalf of Boa Corporation and/or Slattebo Corporation, upon which losses had been and were being sustained, and that both Continental Casualty Company and plaintiff possessed the written indemnity agreements of Oscar Slattebo, Margaret Slattebo, Boa Corporation and Slattebo Corporation, by the terms of

[1]It is to be noted, however, that the plaintiff dismissed the second action without prejudice with respect to defendants Boa Corporation, Slattebo Corporation, Oscar I. Slattebo and Margaret F. Slattebo.

which each of these persons and corporations agreed to indemnify Continental Casualty Company and the plaintiff for any losses, costs, damages, expenses or attorney's fees incurred by reason of issuing bonds on behalf of either Boa Corporation or Slattebo Corporation. It was further understood and agreed that plaintiff possessed the additional written indemnity of H. F. Johansen, an indemnity agreement not possessed by Continental Casualty Company. It was further agreed that plaintiff had an attachment lien upon certain properties . . . and Continental Casualty Company had or would obtain a lien on the identical properties which would be subordinate to the lien of plaintiff herein. It was agreed that plaintiff would resort to its lien and cause of action against the property and person of H. F. Johansen first to recover its losses sustained under the bonds issued on behalf of Boa Corporation. It was further agreed that in the event that any outstanding loss remained after resort to the claim against and property of H. F. Johansen, the remaining property belonging to Oscar Slattebo and Margaret F. Slattebo would be when and if possible liquidated and the proceeds of the liquidation divided between plaintiff and Continental Casualty Company on a pro rata basis, based upon the respective losses of plaintiff and Continental Casualty Company, approximately 60% to Continental Casualty Company and 40% to plaintiff. It was understood and agreed by and between plaintiff and Continental Casualty Company that neither company had any lien upon and neither company was aware of the existence of any property of either Boa Corporation or Slattebo Corporation which could be reached in any way to satisfy the obligations of either such company, to either Continental Casualty Company or to plaintiff. Accordingly it was agreed in essence that the assets of Margaret and Oscar Slattebo would be marshalled in accordance with the provisions of California Civil Code Section 2899.''

██ Under the terms of the agreement of indemnity executed by defendant Johansen in favor of plaintiff, he bound himself individually.[2] Consequently, plaintiff was free to proceed against him alone, regardless of plaintiff's rights as against Oscar I. Slattebo and Margaret F. Slattebo .(See *Mas-*

---

[2]The agreement was on plaintiff's printed form. The only parties to that agreement other than plaintiff were Slattebo Corporation and Boa Corporation, designated as ''the Contractor,'' and Hans F. Johansen, designated as ''the Indemnitors.'' Therein it was stated that ''we, the Contractor (and the Indemnitors, if any) agree and bind ourselves . . . jointly and severally . . . .''

*sachusetts Bonding & Ins. Co.* v. *Osborne,* 233 Cal.App.2d 648, 661 [43 Cal.Rptr. 761] ; *Denton* v. *Fireman's Fund Indem. Co.* (10th Cir. 1965) 352 F.2d 95, 98.) ■ The trial court's determination that Boa Corporation was the *alter ego* of the Slattebos does not support a conclusion that plaintiff was bound to treat them as principals rather than as indemnitors since there was no showing that plaintiff was aware of such *alter ego* status.[3] Under such circumstances plaintiff properly dealt with the Slattebos as indemnitors in accordance with the contractual relationship mutually undertaken in the agreement of indemnity to which the Slattebos were parties.

■ It is, of course, true that any act on the part of an indemnitee which materially prejudices the rights of the indemnitor will discharge the indemnitor under the contract of indemnity. (*Massachusetts Bonding & Ins. Co.* v. *Osborne, supra,* 233 Cal.App.2d 648, 661-662; *American Cas. Co. of Reading, Pa.* v. *Idaho First Nat. Bank* (9th Cir. 1964) 328 F.2d 138, 142-143; *Hiern* v. *St. Paul-Mercury Indem. Co.* (5th Cir. 1959) 262 F.2d 526, 529.) But, as we will explain, the record before us does not reveal any basis for the application of that rule in favor of defendant Johansen.

■ The record does not disclose that plaintiff received any property from Boa Corporation or the Slattebos. Plaintiff's attachments of property of the Slattebos have not been released. Upon reimbursement of plaintiff by defendant Johansen he will, of course, succeed to the rights of plaintiff as against Boa Corporation. (See *Massachusetts Bonding & Ins. Co.* v. *Osborne, supra,* 233 Cal.App.2d 648, 661.) Moreover, aside from such other rights as he may have against the Slattebos, defendant Johansen will be able to hold the Slattebos responsible for the liabilities of Boa Corporation if the corporate veil is pierced. Those rights have not been impaired by the agreement between plaintiff and Continental Casualty Company which did not have the effect of releasing any liability of either Boa Corporation or the Slattebos or any security available for the purpose of liquidating such liability. The trial court erred in holding that defendant Johansen's obligation of indemnity terminated. (See *Massachusetts Bonding & Ins. Co.* v. *Osborne, supra,* 233 Cal.App.2d 648, 660-664.)

---

[3] Further evidence may be offered with respect to this matter upon retrial and, in that event, final disposition of the issue will have to be made upon the record then before the trial court.

Turning to the question of whether defendant Johansen is obligated to reimburse plaintiff for sums paid under bonds executed by plaintiff prior to the execution by defendant Johansen of the agreement of indemnity, it is to be noted that at the trial the following stipulation was made: ". . . it is stipulated that the bonds written October 31, 1961 and January 23, 1962 by plaintiff on behalf of Boa Corporation were written prior to any discussion or consideration of the indemnity agreement of Hans F. Johansen being offered, and that the indemnity agreement of Hans F Johansen was given for the purpose of inducing the plaintiff to write additional bonds after March 29, 1962 for Boa Corporation." The trial court, as has been noted, determined that that agreement of indemnity was not effective as to bonds written prior to March 29, 1962.

To establish that the agreement of indemnity was effective with respect to bonds written prior to the execution of that agreement, plaintiff relied on a judgment of the United States District Court for the Southern District of California in an action in which it, as the third party plaintiff, sought recovery from Mr. Johansen, as a third party defendant, of the amount of payments made under a bond which predated the agreement of indemnity. That judgment was entered in favor of plaintiff and against Mr. Johansen pursuant to a stipulation in which the attorney representing Mr. Johansen joined. That attorney was employed by the Slattebos and furnished representation to Mr. Johansen with the latter's consent.

In relying upon the federal judgment as constituting a binding determination of the issue of whether the agreement of indemnity was effective as to bonds written prior to its execution, plaintiff had recourse to the doctrine of res judicata under which any issue necessarily decided in litigation by a court of competent jurisdiction is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action. (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 810-811 [122 P.2d 892]; *Papineau* v. *Security-First Nat. Bank,* 45 Cal.App.2d 690, 694 [114 P.2d 629].) The doctrine is applicable where the prior judgment was entered pursuant to a stipulation of the parties. (*Klinker* v. *Klinker,* 132 Cal.App.2d 687, 695 [283 P.2d 83]; *Guaranty Liquidating Corp.* v. *Board of Supervisors,* 22 Cal.App.2d 684, 686 [71 P.2d 931]; see 3 Witkin, Cal. Procedure (1954) § 52, p. 1937.)

In determining whether the doctrine of res judicata is

pertinent, the entire proceedings in the first case may be received for the purpose of determining whether an issue involved in the later case was raised by the pleadings or otherwise and was determined by the judgment in the first case. (3 Witkin, Cal. Procedure (1954) § 62, p. 1948.) That aspect of the doctrine of res judicata is known as collateral estoppel. (*Louis Stores, Inc.* v. *Department of Alcoholic Beverage Control,* 57 Cal.2d 749, 757 [22 Cal.Rptr. 14, 371 P.2d 758].) ▮ As stated in *Solari* v. *Atlas-Universal Service, Inc.,* 215 Cal.App.2d 587, at pages 592-593 [30 Cal. Rptr. 407] : ''The defense of res judicata is a complete bar to an action; the claim of collateral estoppel, on the other hand, is concerned with the conclusiveness of a prior determination of a particular issue. . . . ▮ In the case of collateral estoppel, however, it has been held that no special plea is required on the theory that such an estoppel merely involves conclusive evidence of a fact in issue, i.e., some fact constituting either matter of defense or an element of a cause of action, rather than a complete defense to the action.''

▮ The doctrine is applicable in a state court with respect to the judgment of a federal court. As stated in the case of *In re Bailleaux,* 47 Cal.2d 258, at pages 260-261 [302 P.2d 801] : ''Full faith and credit must be accorded a judgment of the federal court. [Citations.] Such a judgment has the same effect in the courts of this state as it would in a federal court. [Citations.] ▮ In the federal jurisdiction, as in the courts of California, the doctrine of res judicata prevents the relitigation of issues determined by a final judgment in a prior action between the same parties. [Citations.] ''

▮ The mere fact that a judgment is erroneous or unfair will not, as a general rule, prevent the application of the rule of collateral estoppel. (*McGaffey* v. *Sudowitz,* 189 Cal.App.2d 215, 217 [10 Cal.Rptr. 862] ; *Chappelle* v. *City of Concord,* 144 Cal.App.2d 822, 826 [301 P.2d 968].) But in cases where a grave injustice would otherwise result, there has been a tendency to depart from the general rule. In *Thain* v. *City of Palo Alto,* 207 Cal.App.2d 173, at page 185 [24 Cal.Rptr. 515], the court stated: ''Section 70 of the Restatement of Judgments reads as follows : 'Where a *question of law* essential to the judgment is actually litigated and determined by a valid and final personal judgment, the determination is not conclusive between the parties in a subsequent action on a different cause of action, except where both causes of action arose out of the same subject matter or transaction; *and in*

*any event it is not conclusive if injustice would result.'* (Emphasis added.) Comment f to said section states: 'The determination of a question of law by a judgment in an action is not conclusive between the parties in a subsequent action on a different cause of action, even though both causes of action arose out of the same subject matter or transaction, *if it would be unjust to one of the parties or to third persons to apply one rule of law in subsequent actions between the same parties and to apply a different rule of law between other persons.'* (Emphasis added.) The foregoing rules have been recognized by the Supreme Court as setting forth 'an important qualification of the doctrine of collateral estoppel.' (*Louis Stores, Inc.* v. *Department of Alcoholic Beverage Control* (1962) 57 Cal.2d 749, 757 [22 Cal.Rptr. 14, 371 P.2d 758].)'' (See *Pacific Maritime Assn.* v. *California Unemp. Ins. Appeals Board,* 236 Cal.App.2d 325, 333-334 [45 Cal. Rptr. 892].)

When the matter was before the federal court the interpretation of the agreement of indemnity did not depend upon the credibility of extrinsic evidence. Only a question of law was presented as to whether Mr. Johansen had undertaken to be responsible for payments made under bonds written prior to his execution of the agreement of indemnity. (See *Parsons* v. *Bristol Dev. Co.,* 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839].) Consequently, we turn to the evidence of the circumstances under which the stipulation for judgment was made in the federal court to determine whether this case falls into the category where prevention of injustice must prevail over a mere mechanical application of the rule of collateral estoppel.

The federal court action was brought by the United States of America, to the use of Fluid Refrigerating Equipment Engineers, Inc., a California corporation, against United States Fire Insurance Company. That defendant, as third party plaintiff, brought into the action, as third party defendants, Boa Corporation, Slattebo Corporation, Oscar I. Slattebo, Margaret F. Slattebo and Hans F. Johansen.

The attorney who acted for Mr. Johansen in the federal court thereafter became a judge of the superior court before the trial of the actions now before us. Pertinent portions of his testimony at the trial of the present cause in the superior court will be noted. The former attorney testified that Mr. Slattebo asked him to represent Mr. Johansen in the federal litigation. Further portions of his testimony were as follows:

"The employment was for the purpose of defending and attempting to work out settlements where possible, in various Miller Act claims and later claims under similar state laws involving construction jobs that had been undertaken by Boa Corporation as to which there were subcontractor claims that were unpaid. . . . Well, the information as to whether a valid defense might exist as to a particular subcontractor's claim was particularly in the hands of my clients as compared to the counsel for the bonding company. There was a mutual interest to be protected, to wit, paying a small amount of money, if any, to a particular subcontractor. The mutual interest being that the general contractor and the indemnitors on bonds would benefit and, obviously, the bonding company would benefit by lower payments. . . . [A]s problems got worse, the ability to come up with nonbonding company money became more and more difficult and finally I had to call on the attorneys for the bonding company to try to get money to put out separate fires and it is my recollection that on occasions it was forthcoming but initially I was able to come up with the funds directly.''

The former attorney further testified that he did not recall seeing, prior to the pretrial order in the federal case, any indemnity agreement which Mr. Johansen had signed.[4] He did not discuss that pretrial order with Mr. Johansen before it was prepared. The federal judge before whom the action was pending would not permit the action to be held in abeyance as had been done in related cases. It was the witness' best recollection "that there were no funds available from Boa to pay and the money was going to have to come from the bonding company and the bonding company obviously did not want to have to litigate the rightfulness of having paid out apparently $2,601.60 and, in effect you stipulate to a judgment for it.'' The judgment was against the defendants Oscar Slattebo, Margaret Slattebo, Boa Corporation, Slattebo Corporation and Hans F. Johansen, all being represented by the same attorney.

In plaintiff's opening brief it is stated that losses incurred under bonds issued prior to March 28, 1962, (the date of Mr. Johansen's agreement of indemnity) were in the total amount of $79,284.83 (not including the amount of $2,601.60 involved

---

[4]In the pretrial conference order, it was provided that if the plaintiff in the federal action recovered judgment against United States Fire Insurance Company, then and in that event the latter was entitled to judgment over in an identical sum against the third party defendants (including Mr. Johansen).

in the federal case), whereas losses under bonds issued after that date were in the total amount of $38,320.80. The stipulated judgment was entered in the federal court at a time when Boa Corporation and the Slattebos were working closely with plaintiff in an attempt to solve the difficulties in which they found themselves and they apparently shied away from action which might irritate plaintiff. It would manifestly be a grave injustice to subject defendant Johansen to liability for that sum of $79,284.83 by application of the doctrine of collateral estoppel based on the stipulated judgment for $2,601.60 entered under the circumstances related hereinabove if, as a matter of law, the agreement of indemnity, prepared in printed form by plaintiff for use in its surety business, does not extend to losses incurred under bonds issued prior to its execution. ▪▪▪ Consequently, we proceed to construe the agreement of indemnity in accordance with the law as expressed in *Parsons* v. *Bristol Dev. Co., supra,* 62 Cal.2d 861.

Pertinent portions of the agreement of indemnity are as follows: ''WHEREAS, the Contractor [Boa Corporation], in the performance of contracts and the fulfillment of obligations generally may desire, or be required to give or procure certain bonds . . . and to renew or continue the same from time to time; or new bonds . . . may be desired or required, in renewal, continuation, extension or substitution thereof; all of which are collectively called 'Such Bonds;' and WHEREAS, At the special instance and request of the Contractor (and the Indemnitors, if any), and upon the express understanding that this Agreement of Indemnity should be given, United States Fire Insurance Company . . . has executed or procured to be executed, and may from time to time hereafter execute or procure to be executed, 'Such Bonds' on behalf of the Contractor. Now, THEREFORE, . . . we, the Contractor (and the Indemnitors, if any), agree and bind ourselves . . . jointly and severally, as follows . . . . SECOND: That we, the Contractor (and the Indemnitors, if any), will at all times indemnify and save the Company harmless from and against any and all loss . . . which it shall at any time sustain . . . by reason, or in consequence of 'Such Bonds,' which have been or may hereafter be executed or procured on behalf of the Contractor . . . .''

In *Pacific Gas & Elec. Co.* v. *G. W. Thomas Drayage & Rigging Co.,* 69 Cal.2d 33, at pages 38-39 [69 Cal.Rptr. 561, 442 P.2d 641], the Supreme Court stated: ''If words

had absolute and constant referents, it might be possible to discover contractual intention in the words themselves and in the manner in which they were arranged. Words, however, do not have absolute and constant referents. 'A word is a symbol of thought but has no arbitrary and fixed meaning like a symbol of algebra or chemistry, . . .' (*Pearson* v. *State Social Welfare Board* (1960) 54 Cal.2d 184, 195 [5 Cal.Rptr. 553, 353 P.2d 33].) The meaning of particular words or groups of words varies with the '. . . verbal context and surrounding circumstances and purposes in view of the linguistic education and experience of their users and their hearers or readers (not excluding judges). . . . A word has no meaning apart from these factors; much less does it have an objective meaning, one true meaning.' (Corbin, *The Interpretation of Words and the Parol Evidence Rule* (1965) 50 Cornell L.Q. 161, 187.) Accordingly, the meaning of a writing '. . . can only be found by interpretation in the light of all the circumstances that reveal the sense in which the writer used the words. The exclusion of parol evidence regarding such circumstances merely because the words do not appear ambiguous to the reader can easily lead to the attribution to a written instrument of a meaning that was never intended. [Citations omitted.]' (*Universal Sales Corp.* v. *California Press Mfg. Co., supra,* 20 Cal.2d 751, 776 [128 P.2d 665] (concurring opinion); see also, e.g., *Garden State Plaza Corp.* v. *S. S. Kresge Co.* (1963) 78 N.J.Super. 485 [189 A.2d 448, 454]; *Hurst* v. *W. J. Lake & Co.* (1932) 141 Ore. 306, 310 [16 P.2d 627, 629, 89 A.L.R. 1222]; 3 Corbin on Contracts (1960 ed.) § 579, pp. 412-431; Ogden and Richards, The Meaning of Meaning, *op. cit. supra,* 15; Ullmann, The Principles of Semantics, *supra,* 61; McBaine, *The Rule Against Disturbing Plain Meaning of Writings* (1943) 31 Cal.L.Rev. 145.)''

As has been noted hereinabove, at the trial it was stipulated ''that the bonds written October 31, 1961, and January 23, 1962, by plaintiff on behalf of Boa Corporation were written prior to any discussion or consideration of the indemnity agreement of Hans F. Johansen being offered, and that the indemnity agreement of Hans F. Johansen was given for the purpose of inducing the plaintiff to write additional bonds after March 29, 1962 for Boa Corporation.''

The first recital of the agreement set forth hereinabove relates to the future rather than to the past and designates the bonds to which reference is made as ''Such Bonds.'' In the second recital noted, reference is made to ''Such Bonds''

which have been executed or procured to be executed "upon the express understanding that this Agreement of Indemnity should be given." Manifestly, in view of the stipulation heretofore set forth, that printed recital does not relate to any bonds executed by plaintiff prior to defendant Johansen's execution of the indemnity agreement on March 28, 1962. The reasonable interpretation of the printed language in the latter recital contained in plaintiff's form of agreement is that it was intended to protect plaintiff in a situation in which the particular written agreement to indemnify was not executed simultaneously with the contract indemnified but was executed thereafter pursuant to the prior agreement therefor. (See *Fidelity & Deposit Co.* v. *Whitson,* 187 Cal.App.2d 751, 755 [10 Cal.Rptr. 6]; *Wagner* v. *Fireman's Fund Ins. Co.* (10th Cir. 1965) 352 F.2d 410, 412-413.) Reading the agreement as a whole in the light of the rule that the agreement should be construed strictly against the party who prepared the printed form and favorably to the party who had no voice in the selection of the printed language (see *Wagner* v. *Fireman's Fund Ins. Co., supra,* (10th Cir. 1965) 352 F.2d 410, 415; *National Surety Corp.* v. *Erskine & Sons, Inc.* (D.C. N.D. Ohio 1960) 188 F.Supp. 687, 689), the reasonable construction to be given to the language of paragraph "SECOND" of the agreement is that the obligation undertaken by defendant Johansen was only as to "Such Bonds" issued by plaintiff after March 28, 1962. It would be unreasonable to give that paragraph a broader interpretation in the absence of language expressing in clear and unequivocal terms the intent to indemnify as to bonds issued prior to that date.[5]

To apply the doctrine of collateral estoppel in the cases presently before this court would be to countenance an injustice.

The action filed on January 8, 1964. involved three bonds, two of which were executed by plaintiff after March 28, 1962, the date upon which defendant Johansen executed the agreement of indemnity. The judgment in that case is the subject

---

[5]In the agreement of indemnity executed by Oscar I. Slattebo and Margaret F. Slattebo prior to that executed by Mr. Johansen the blank space designated as paragraph "TWELFTH" contained a typewritten provision which was as follows: "It is further understood and agreed that this Agreement of Indemnity, executed subsequent to the execution of certain bonds is nevertheless to be retroactive in all respects and applicable thereto."

Such a provision was not added to the form of agreement executed by Mr. Johansen.

of the appeal in Civil No. 32507. That judgment must be reversed so that the cause may be retried in harmony with the applicable law as set forth hereinabove. However, in the action filed on January 5, 1966, the only bond involved was issued by plaintiff prior to March 28, 1962. Consequently, the judgment in favor of defendant Johansen in that action, which is the subject of the appeal in Civil No. 32508, must stand because, as we have explained hereinabove, defendant Johansen is not liable under his agreement of indemnity with respect to any bond issued by plaintiff prior to March 28, 1962.

In the appeal designated as Civil No. 32507 the judgment is reversed. In the appeal designated as Civil No. 32508 the judgment is affirmed. With respect to each appeal, each party shall bear his or its own costs.

Cobey, J., and Moss, J., concurred.

A petition for rehearing was denied on April 17, 1969, and the following opinion was then rendered:

THE In his petition for rehearing the defendant and respondent Johansen urges that prior to any retrial of this case the plaintiff and appellant United States Fire Insurance Company ''should be ordered to sell the Slattebo assets and apply them to the existing judgment against the Slattebos.'' The argument made is that even if the United States Fire Insurance Company did not know prior to the first trial of this action that Boa Corporation was the *alter ego* of the Slattebos, in the light of the evidence adduced at that trial and the findings of fact of the trial court the United States Fire Insurance Company ''must be charged since that time with the knowledge'' of the *alter ego* relationship. It is then argued that since the Slattebos are principals whose property should be first applied to the debt, the case should not be retried as against Johansen unless and until all property of the Slattebos against which there is a judgment lien has been sold under execution and the proceeds applied to Boa's debt. It is asserted that the evidence at the trial showed that ''there should be enough proceeds from the sales to exonerate Boa's debts completely in which case the case against Johansen will be moot and a retrial unnecessary.''

As noted in our opinion (see footnote 3) the *alter ego* problem and the legal consequences relating thereto can be pursued in a plenary manner upon a retrial by the introduc-

tion of all relevant evidence then available. Moreover, it may be deemed advisable by appropriate procedure to seek to make Continental Casualty Company a party to the litigation so that there may be a plenary disposition of the matter of the respective rights and obligations of all interested persons. Accordingly, we do not undertake to determine on this appeal the merits of the position of the defendant and respondent Johansen so presented by him in his petition for rehearing.

The petition of the defendant and respondent Johansen for a rehearing is denied.

Respondent's petition for a hearing by the Supreme Court in No. 32507 was denied May 14, 1969.